HALL *v.* CONGDON.                    { Dec. 23, 1875.

| 56 | 279 |
| 66 | 571 |

| 56 | 279 |
| 72 | 243 |

*Amendment—Resulting trust.*

A bill in chancery was brought for the purpose of enforcing a trust in regard to certain land, and alleged an express trust. It was proposed to amend the bill by inserting allegations of facts from which a trust resulted. It was objected that the resulting trust was displaced by the express trust, and that the amendment would introduce a new cause of action. *Held*, that it was no objection to the implied trust that it was alleged that the defendant had expressly promised to perform it, and that the object of the bill as amended being to enforce substantially the same trust, the amendment did not introduce a new cause of action.

It being alleged that the money with which the land was purchased was the plaintiff's money—*Held*, that it was no objection to the implied trust that the defendant furnished the money by way of loan, and that the plaintiff had agreed that he should hold the land by way of security until the money had been repaid.

IN EQUITY. This is the same case reported 55 N. H. 104. The plaintiff proposed to amend his bill, and in the bill as amended were contained the following averments : " And thereupon, on the 26th day of February, 1861, the plaintiff, by his agent, paid to the said Quimby, the agent of the said town of Pittsburg, towards said lands, the sum of $500, to wit, one horse at the price of $100, and the rest in money, which was the money of the plaintiff ; and said Congdon took a conveyance of said lands of said town of Pittsburg, the deed thereof being made and executed by said Quimby as agent of said town, which conveyance the plaintiff procured to be made, and $500 of said price was paid down as aforesaid by the plaintiff, and $440, being the balance, was secured by the notes of said Congdon ; and in doing this, and in taking said conveyance, said Congdon was the agent of said Hall, and so acted ; and that said Congdon, at the time he gave said notes, held in his hands money and other property of said plaintiff sufficient to pay said notes so given by him, and which said Congdon was to use for that purpose. And the plaintiff says that he furnished the whole of the money and means to buy and pay for said lands before and at the time that said conveyance was made to said Congdon, and that said lands have been wholly paid for out of such money and means of the plaintiff; and thereupon he, the said Congdon, did hold the said lands in trust for the plaintiff, and upon request, the conditions all having been performed, he should long since have conveyed the same to the plaintiff ; that said Congdon has been fully paid and overpaid for all of said taxes, costs, and damages."

The defendants objected to the allowance of the amendment, because (1) it sets up the same cause of action as that contained in the original bill, in regard to which the court has already decided adversely to the plaintiff. (2) It sets up an express trust just as much as the original bill does, which cannot be supported by oral evidence, and the plaintiff has none other than oral evidence. (3) The trust set up in the amended bill being an express one, the allegations therein, that Congdon was the plaintiff's agent, and that the plaintiff furnished the whole of the purchase-money, are immaterial. (4) If the trust set up in the amended bill is not an express trust on its face, then the amendment ought not to be allowed because it changes the cause of action. The plaintiff ought not to be permitted to change his cause of action under the guise of an amendment. He should be required to file a new bill in the usual way. (5) The defendants also object to the amended bill because of the unusual and unwarrantable delay on the plaintiff's part in asserting his claim in the first place, and in being so laggard in its prosecution. (6) If the plaintiff has succeeded in alleging a resulting trust under our statute, we contend that the history of the case from the start proves that he has always claimed until now that there was an express trust, and that the allegations of the amended bill are rebutted by those of the original bill, if there is any substantial difference between them.

*William Heywood* and *E. Fletcher*, for the plaintiff.

*Ray & Drew* and *G. A. Bingham*, for the defendants.

CUSHING, C. J. The questions which arise are upon the admission of the proposed amendments. The objections are principally two: (1) that the amendment changes the cause of action; and (2) that the bill as amended will still be bad as stating a cause of action which cannot be proved by oral testimony, it being understood from the past history of the case that the plaintiff has no other.

The subject-matter of this suit is a tract of land lying in the county of Coös, the title to which is alleged to be in the defendants, one or both of them, and the ownership in the plaintiff. The object of the bill is to protect and enforce the right of the plaintiff to this land. This is the object of the original bill, and the object of the amended bill.

The original bill alleged that the title was taken in the name of Congdon, with an express promise on his part to convey to the plaintiff, when he should have received certain indemnity and been repaid certain advances. Certain facts not alleged in the bill were offered to be proved by oral testimony, from which it is claimed, in connection with the other facts, a trust would result to the plaintiff. It was held that this testimony was rightly excluded because there were no proper allegations in the bill, and the only allegations being of an express trust, it was held they could not be proved by oral testimony.

It is proposed to amend the bill by adding the allegation that the land was paid for with the plaintiff's money. I think this is the ordinary case in which some fact necessary to the plaintiff's right of action is by accident or oversight omitted, but in which the court can understand perfectly well what the subject-matter of the suit is, and which is therefore fairly within the terms of our statute of *jeofails*. Gen. Stats., ch. 207, secs. 8, 9. I cannot doubt, therefore, that the amendment ought to be admitted, so far as this objection is concerned.

But it is said that the bill as amended still sets out an express trust which cannot be proved by oral testimony; and this express trust is said to consist in the agreement to hold the land as security, and to convey it after the security is effected. There is no doubt that the case lies very near the line, and the distinction is pretty nice which places it outside instead of inside of the statute of frauds; but I cannot avoid the conclusion that such is the fair result of our own case of *Page* v. *Page*, 8 N. H. 187, and of the other cases on the point. In the present case the plaintiff alleges in the amended bill that he paid $500 of the purchase-money at the time of the conveyance; that the balance was loaned to him by Congdon, who held in his hands money and other property amply sufficient to repay the money loaned; and that all the purchase-money was the plaintiff's money.

Now, on these facts a trust must have resulted to the plaintiff, and the property belonged to him. Undoubtedly, at any moment it might have been seized on execution against the plaintiff, and applied to pay his

debts. *Pritchard* v. *Brown*, 4 N. H. 397 ; *Jarvis* v. *Brooks*, 27 N. H. 37 ; *Hutchins* v. *Heywood*, 50 N. H. 491. Whether, this money having been so furnished by the plaintiff and the land so belonging to him, it would be any defence against a claim on his part to have the land conveyed that the borrowed money had not been replaced, need not now be determined, because the allegation in the bill is that all the stipulations have been performed. It is not a question of enforcing the defendant's express promise, because the plaintiff can rely upon the implied trust. It is not a question of enforcing the plaintiff's undertaking, because that has been performed.

I cannot see the way clear to avoid the effect of those cases without overruling them, which there seems no occasion to do.

The amendment, then, being not objectionable as introducing a new cause of action, and the allegations in it being such that if proved the plaintiff will be entitled to a decree, I think ought to be admitted. *Dryden* v. *Hanway*, 31 Md. 254 ; 1 U. S. D., N. S. 714 ; *Fleming* v. *McHale*, 47 Ill. 282 ; *Hutchins* v. *Heywood*, 50 N. H. 491.

SMITH, J. The bill as amended sets forth that the premises in controversy were wholly paid for out of the money and means furnished by the plaintiff, but that by arrangement with Congdon the conveyance was taken in his name as security for the taxes he might pay thereon, and for any costs or damages he might pay in an action in favor of one True against Congdon, against which the plaintiff was holden to indemnify him. The bill further alleges that said Congdon has been fully paid for all of said taxes, costs, and damages. These facts, if proved, will make a case of resulting trust. But it will not be because Congdon agreed to hold the land in trust for Hall. A trust resulting from the ownership of money is a mere creation of the law, and is not founded on any agreement or declaration of the parties. *Pritchard* v. *Brown*, 4 N. H. 397. Such a trust arises from the acts and not from the agreement of the parties. Congdon's agreement, however, like any other declaration of his, may be shown in evidence to sustain the presumption arising by operation of law. Hill on Trusts, sec. 56. The rule, that a trust results by operation of law and not by agreement of parties, has its foundation in the natural presumption, in the absence of all rebutting circumstances, that he who supplies the purchase-money intends the purchase to be for his own benefit, and that the conveyance in the name of another is a matter of convenience and arrangement between the parties. Perry on Trusts, sec. 126. This natural presumption would not certainly be less because the parties made a verbal agreement to the same effect. If the parties agree to do just what the law presumes they intended and understood, in the absence of any express agreement, it would be absurd to hold that this presumption is thereby overthrown, and the interest of the parties defeated. *Page* v. *Page*, 8 N. H. 187.

In regard to the other question raised, I do not think the amendment is open to the objection of introducing a new cause of action.

Any amendment in any case changes more or less the plaintiff's statement of his cause of action. But it is sufficient if the identity is preserved; and that is done in this case. The parties are the same, the land in dispute is the same, and the facts upon which the plaintiff relies to establish his claim are the same. The amendment seems clearly to come within the provisions of Gen. Stats., ch. 207, secs. 9, 10.

&#42; STANLEY, J., C. C., concurred.

*Amendment allowed.*