Hillsborough, }
Nov. 4, 1908. }

## McGREGOR v. PUTNEY.

As between unrecorded conveyances the earliest prevails.

Where one holding land under a bond for a deed wrongfully sells standing trees thereon and subsequently assigns his interest to one ignorant of the prior sale, the vendee is not liable to the assignee for cutting the timber unless he has been given actual or constructive notice of the assignment.

In such case, payment by the assignee of the amount due on the bond does not operate as an equitable assignment of the obligor's right of action against the vendee of the timber unless it appears that the security remaining is of less value than the amount paid by the assignee.

ASSUMPSIT, brought by one Carroll in his own right and as assignee of the claim of McGregor, to recover (1) for cutting wood and timber from a farm in Franklin before September, 1905, and

(2) for like cutting after that date. Transferred from the January term, 1908, of the superior court by *Chamberlin*, J., on the plaintiff's exception to an order of nonsuit.

The plaintiff's evidence tended to prove the following facts: In 1902, McGregor was the owner of the farm and gave one Fletcher a bond to convey the same upon the payment of $2,800, the sum of $500 being at once paid on the purchase price. In 1903, Fletcher, for a consideration of $100 and in violation of the terms of the bond, sold standing timber on the farm to the defendant, and the defendant cut timber both before and after September, 1905. In March, 1905, the bond was recorded, and the next September Fletcher sold his interest to Carroll, who bought in ignorance of the defendant's unrecorded contract. In 1906, Carroll paid the balance due to McGregor, took a deed of the premises and an oral assignment of McGregor's cause of action against the defendant, and then brought this suit.

*Wason & Moran*, for the plaintiff.

*Thomas F. Clifford* and *Bertis A. Pease*, for the defendant.

Peaslee, J. The contract to convey the farm upon the payment of the agreed price gave Fletcher an equitable interest in the land, and McGregor thereafter held the legal title charged with the equitable interest. Their relations were in many respects like those of mortgagor and mortgagee. *Bowen* v. *Lansing*, 129 Mich. 117; *S. C.*, 57 L. R. A. 643, and authorities collected in note.

When Carroll purchased Fletcher's interest he took the recorded equitable claim to the estate as it then existed. Although he was ignorant of the outstanding unrecorded claim of the defendant to standing trees, he could only recover for the wood or timber the defendant cut after actual or constructive notice of Carroll's title. In the absence of a statute making an unrecorded conveyance void after a certain time has elapsed, when the question arises between two holders of unrecorded conveyances, their rights are determined by priority in taking their conveyances. *Crouse* v. *Mitchell*, 130 Mich. 347. If the documents given by Fletcher to Putney and Carroll were entitled to record, Putney's must prevail because of its priority in time. If they were not entitled to record, the result is of course the same. The first purchaser takes title. There is no evidence that Carroll recorded his assignment from Fletcher, or gave Putney notice of it. Whether notice by record or otherwise would have been of any avail is not material to a decision of the present case. The notices given by McGregor do not purport to be anything more than an insistence upon his rights under the

bond. The first notice was when the deed of McGregor to Carroll was recorded; and as the defendant had ceased cutting before that date, it is immaterial here. Whether it is immaterial for other reasons need not be considered. The case is simply one where there are two unrecorded conveyances, the holder of the first continuing to act in ignorance of the claims of the holder of the later one. In such a case, he who has the later conveyance has no superior legal title, their equities appear to be equal, and priority in time prevails. The plaintiff can take nothing as against the defendant, by virtue of his assignment from Fletcher.

The plaintiff also seeks to recover in the right of McGregor. It is important to keep in mind that the defendant was never liable upon the debt due to McGregor. His sole liability arose from his having taken that which was a security for McGregor's claim. In this state of the facts, the plaintiff purchased from the debtor his equity in what was left of the incumbered property, and thereafter paid off the incumbrance. He paid what he had contracted to pay. He did not pay anything the defendant was equitably bound for. So far as appears, Putney acted honestly in cutting the timber. As between him and Fletcher, he would be entitled to succeed to Fletcher's right to redeem from McGregor. This right was not defeated by Fletcher's conveyance to Carroll. As to acts done before Putney had notice of that conveyance, a suit in the right of McGregor could be defeated by Putney's payment of the amount due on the bond. Carroll could then redeem from Putney; but as such redemption would be in the right purchased of Fletcher, there could be no deduction for timber cut by Fletcher's permission. In such a condition of affairs equity does not require that the payment of the bond be treated as an assignment.

If there had been proof that the security had been so depleted that the amount due upon the bond was more than the value of the security, so that Putney would have had to pay for the timber taken, either by way of damages or by paying in redemption more than the pledged property was worth, a case would be made out for an equitable assignment. There is no evidence tending to show such a state of facts. On the contrary, the inference from such figures as appear is the other way. Apparently, the farm was worth more than the balance due to McGregor.

McGregor's claim which he attempted to assign to Carroll was extinguished by Carroll's payment of the amount due upon the bond, unless it is made to appear that there is an equitable reason for treating the transaction as an assignment. The burden was upon the party claiming such assignment to produce evidence of the necessity for invoking the aid of the equitable rule. As no such evidence was produced, his case fails. The nonsuit was

properly ordered. The question whether assumpsit could be maintained is not considered.

*Exception overruled.*

WALKER, J., doubted: the others concurred.