Hillsborough, }
Jan. 4, 1921. }

### Francis A. Morse, *Ex'r, v.* Eben Converse & a.

There can be no ademption of a legacy unless the change is of such a character as to show a change of testamentary intention, — an intentional partial revocation of the will.

Where there is no such change of purpose and the substituted property purchased by the conservator of the testator can be identified, the legatee is entitled to the bequest.

Petition, for advice by the executor of the will of Rhoda Converse. The will, dated June 3, 1913, made to different individuals bequests of the deposit with accumulated interest made by the testatrix in each of two savings banks, describing each by its number.

Upon the testatrix's petition the plaintiff, Francis A. Morse, on August 7, 1917, was appointed conservator of her property by the probate court under *c.* 56, Laws 1915. She died March 30, 1919, without having been adjudged insane. In ignorance of the provisions of the will, the conservator in 1917 withdrew $500 from each of the savings banks at the request of the surety upon his official bond and bought therewith a liberty bond of the first issue, and used the balance

of the deposits with the deposit in another savings bank in the testatrix's necessary support. The balance of the estate in the hands of the conservator consisted of railroad stocks and bonds. The executor now has the liberty bond bought by him as conservator.

The question submitted is whether the legatees of the savings bank deposits take anything by the bequests to them. Transferred from the May term, 1920, of the superior court by *Marble,* J.

*Herbert R. Morse* (of Massachusetts) and *Kittredge & Prescott* (*Mr. Morse* orally), for the legatees of the savings bank deposits.

*Walter E. Kittredge,* for the residuary legatees.

PARSONS, C. J. "A legacy is specific . . . when it is a bequest of a specific article of the testator's personal estate, distinguished from all others of the same kind; as, for instance, of a particular horse, or piece of plate, money in a purse or chest, a particular stock in the public funds, or a bond or other security for money." *Loring* v. *Woodward,* 41 N. H. 391, 394; *Ford* v. *Ford,* 23 N. H. 212.

"Legacies which áre specific are said to be adeemed, when the particular thing given is either wholly lost, destroyed, or disposed of, by the testator during his life; or its form so changed as not to remain in specie. Thus if the thing given as a specific legacy be sold by the testator, or otherwise disposed of during his lifetime, or its form be changed . . . it is lost or destroyed. So that if the subject matter of the legacy either ceases to be the property of the testator, or is so changed during his life as no longer to be susceptible of identification, the legacy is said to be adeemed or gone." 2 Red. Wills, *p.* 528; *Gardner* v. *Gardner,* 72 N. H. 257; *Drake* v. *True,* 72 N. H. 322. "It is well settled that if a debt specifically bequeathed, be received by the testator, it will be adeemed; for then there will exist nothing for the will to operate upon." *Ford* v. *Ford,* 23 N. H. 212, 218. If the testatrix in her lifetime had withdrawn the bank deposits and used or reinvested the fund there can be little doubt upon the authorities that the legacies would be by her action destroyed. A legacy is adeemed by the destruction of the thing itself so that there is nothing upon which the will can operate or by such change in its character voluntarily made by the testator as indicates a change of testamentary purpose, an intentional partial revocation of the will. *Hoitt* v. *Hoitt,* 63 N. H. 475, 497. "But no ademption will take place where the change in the thing bequeathed is effected by operation of law, as

where a fund is converted into one of a different description by act of parliament. Nor will it operate to adeem the legacy, where the fund has been transferred into another fund by the trustee without the concurrence of the testator." 2 Red. Wills, *p.* 532. The authority cited in support of this statement (*Shaftsbury* v. *Shaftsbury,* 2 Vern. 747) does not, however, go farther than to suggest that if the change be wrongfully or fraudulently made without the knowledge or approval of the testator there would be no ademption.

In *Ford* v. *Ford, supra,* conflict in the authorities is suggested as to whether the presumption in favor of ademption might be rebutted by evidence of a contrary intention, but the opinion approves the English rule that the only question is whether the specific thing remains or not at the death of the testator, and that the presumption of ademption is not to be rebutted by evidence of a contrary intention. The case, however, holds that, though certain changes were made by the testator in the form of the securities bequeathed, the change was not sufficient to require a holding that the legacy was adeemed. In short, the evidence did not satisfy the court the testator intended to revoke the gift made by the will. *Chase* v. *Moore,* 73 N. H. 553; *Gardner* v. *Gardner,* 72 N. H. 257; *Spinney* v. *Eaton,* 111 Me. 1. Whether the evidence of revocation furnished by a change in form of securities bequeathed can be rebutted by evidence as to the testator's intention in making the change or not, it is clear that there can logically be no ademption of the legacy unless the change is itself of such a character as to establish a change in testamentary intention. Consequently a change of which the testator was ignorant and which he did not authorize is not evidence of a change in such intent. See *Wilmerton* v. *Wilmerton,* 176 Fed. Rep. 896; *Jenkins* v. *Jones.* L. R. 2 Eq. Cas. 323.

In this case the testatrix voluntarily put her property into the hands of a conservator to care for and use for her support. There is no suggestion that what the conservator did in the use of the money on deposit was not reasonable and done in good faith. As to the portion of the fund consumed, the legacy is adeemed both because what was done being reasonable was authorized by the testatrix and because nothing has come to the executor's hands upon which the will can operate. The investment in the liberty bond was not made to advantage the estate, was not known to, or authorized by the testatrix. The change therefore furnishes no evidence of an intentional revocation by her. As so much of the fund as was invested in the bond is identified as a part of the bequests to the legatees of the bank deposits,

the executor is advised that the persons now entitled as legatees to such deposits are entitled to the liberty bond now in his hands in proportion to the investment from each fund. As the same amount was drawn from each bank for the purchase of the bond, the persons who would have received each deposit except for the change are equal owners of the bond.

*Case discharged.*

All concurred.