RALPH W. THOMPSON *v.* W. B. FORD.*

(*Knoxville.* September Term, 1921.)

1. **FRAUDS, STATUTE OF.** Contract for sale of interest in business held required to be in writing.
A contract of sale of an interest in business calling for payments of $50 each over a period of twenty-one months is required to be in writing, to be enforceable.' (*Post, pp.* 337, 338.)

Cases cited and approved: Deaton v. Tennessee Coal, etc., Co., 59 Tenn., 650; Gregory v. Underhill, 74 Tenn., 207.

2. **FRAUDS, STATUTE OF.** Notes not delivered before payee's death held not sufficient memorandum.
Notes executed prior to payee's death, but not delivered until after his death, were not sufficient memorandum of a sale, of an interest in a business which called for twenty-one monthly payments. (*Post, p.* 338.)

3. **WILLS.** Contract of sale which would adeem legacy must be enforceable.
A contract of sale of personalty, entered into by testator during his life, must be enforceable under the statute of frauds in order to adeem a legacy, and nothing done after the death of testator by his executor in carrying out an unenforceable contract can affect the rights of the legatee. (*Post, pp.* 338, 339.)

Cases cited and approved: Banking Co. v. Balfour, 138 Tenn., 390; Ford v. Cottrell, 141 Tenn., 176; Wiggins v. Cheatham, 143 Tenn., 410; Donohoo v. Lea, 31 Tenn., 119; Blair v. Snodgrass, 33 Tenn., 1.

---

*On change in subject matter or substitution of other property as an ademption of a specific legacy or devise, see notes in 40 L. R. A. (N. S.), 553, and L. R. A., 1918D, 538. .

. On what amounts to an ademption or abatement of a legacy of a business or professional practice, see note in 13 A. L. R., 173.

4. **APPEAL AND ERROR.** Appellee cannot complain.
Where complainant was successful before chancellor, but decree was reversed in the court of civil appeals, and the complainant alone appealed, the defendant cannot question complainant's right to maintain the suit. (*Post, p.* 339.)

FROM KNOX.

Appeal from the Chancery Court of Knox County.— HON. CHAS. HAYS BROWN, Chancellor.

HENRY HUDSON, for appellant.

JOHNSON & COX, for defendant.

MR. JUSTICE GREEN delivered the opinion of the court.

The complainant herein is a grandson of the late Volney F. Gossett. Mr. Gossett and his grandson were on affectionate terms, and the grandfather bought an interest in an insurance and real estate business at Knoxville for his grandson. Mr. Gossett took no active part in the management of this business himself, but the partnership continued for several months.

In November, 1915, Mr. Flenniken, one of the partners, undertook to buy out the interests of the other two partners. On November 18, 1915, he concluded an arrangement with Mr. Gossett, whereby he bought the latter's interest in the firm for $100 cash, to be paid to Ralph W. Thompson, the complainant, the assumption of a $250 note which Gossett had in bank, and $1,050 to be paid by Flenniken to Gossett in installments of $50 per month

for twenty-one months, notes to be executed for these deferred payments.

Gossett died on November 24, 1915, a few days after this trade was agreed on between him and Flenniken. The $100 was not paid to complainant until after Gossett's death, nor was the $250 note assumed by Flenniken until after Gossett's death. Likewise the twenty-one notes had not been delivered, and Flenniken thinks he had not signed them until after Gossett's death.

In August, 1915, Gossett made his will, whereby he gave to his grandson, the complainant herein, his interest in this business.

After the grandfather's death Flenniken paid to complainant the $100 and he delivered to Gossett's executor the twenty-one notes and assumed the $250 note of Gossett's in the Third National Bank at Knoxville.

The complainant brought this suit to recover from the executor the twenty-one notes executed by Flenniken or the proceeds of such of them as had been collected by the executor. The chancellor decreed in complainant's favor. The court of civil appeals reversed the decree of the chancellor upon the ground that there had been an ademption of the legacy of testator's interest in this business by the contract of sale respecting this interest, made with Flenniken before testator's death.

We think the court of civil appeals was in error, and that the chancellor was correct.

This contract which Gossett and Flenniken made, according to the intention of the parties and the natural course of events, required more than one year for its completion. It called for installment payments of $50 each, covering a period of twenty-one months. It there-

fore must have been in writing to be enforceable. *Deaton* v. *Tennessee Coal, etc., Co.,* 12 Heisk., 650; *Gregory* v. *Underhill,* 6 Lea, 207; 20 Cyc., 208.

The contract was wholly verbal. There was no writing about it, except the twenty-one notes. They were probably not executed until after Gossett's death, certainly not delivered. If they had been executed prior to testator's death they did not amount to sufficient memorandum.

We have considered the question of ademption of legacies in several recent cases. *Banking Co.* v. *Balfour,* 138 Tenn., 390, 198 S. W., 70, L. R. A., 1918D, 536; *Ford* v. *Cottrell,* 141 Tenn., 176, 207 S. W., 734; *Wiggins* v. *Cheatham,* 143 Tenn., 410, 225 S. W., 1040, 13 A. L. R., 169. These cases fully establish the proposition that a sale of an article specifically bequeathed prior to testator's death adeems the legacy.

In *Donohoo* v. *Lea,* 1 Swan, 119, 55 Am. Dec., 725, it was held that a valid binding contract of sale has the same effect, although not executed prior to the testator's death. This for the reason that equity considers the title to have passed to the vendee under such a contract.

In *Blair* v. *Snodgrass,* 1 Sneed, 1, it was held, however, that a contract of sale to work an ademption must be enforceable, and such a contract as a court of equity would decree to be specifically performed. We think this case controls the present controversy.

It may be conceded that everything was done between Gossett and Flenniken to complete the transaction between them except the execution of the memorandum which the statute requires. Nevertheless, the contract could not have been enforced by either party in the absence of any

writing. We see no distinction between the effect of a parol contract for the sale of land, considered in *Blair* v. *Snodgrass,* supra, and a parol contract for the sale of personalty not to be performed in a year, such as we have before us.

What was done after the death of Gossett between Flenniken and the executor could not have affected the complainant's rights. An ademption must be accomplished by the testator in his lifetime.

A number of cases are collected in a note, 40 L. R. A. (N. S.), 546, in which unenforceable contracts and contracts that failed for one reason and another were held ineffectual to adeem a legacy.

It makes no difference that Flenniken and the executor undertook to go on with the contract after Gossett's death, nor that neither of them relied on the statute of frauds. Under the law a contract of sale, to have the effect ascribed by the defendants to this one, must be enforceable, and not susceptible to defeat by a plea of the statute of frauds. The complainant pointed out by an amendment to his bill this defect in the contract here under consideration.

The right of the complaiant to maintain this suit is questioned in the brief, but the court of civil appeals found in his favor, and the defendants have not brought this question up by petition for *certiorari.* We cannot therefore consider it.

The decree of the court of civil appeals is reversed, and the decree of the chancellor is affirmed.