Frederick Brooks died January 5th, 1926; by his will dated October 5th, 1921, probated by the surrogate of Camden county on January 16th, 1926 he appointed his daughter, Edith Riddle and his son-in-law, George T. Shuster, executors and trustees. The will contained these provisions:
"Second: I give to my beloved wife, Irene Brooks, for and during the term of her natural life, properties situated in the City and County of Camden, and State of New Jersey, known as Nos. 1142, 1144, 1146, 1148 and 1150 Marion Street, in lieu of her dower in my lands. *Page 2 
"Third: I give, devise and bequeath unto my Executors and Trustees hereinafter named, all the property on Marion Street in the City of Camden aforesaid, not hereinabove given to my beloved wife, for the following uses and purposes, that is to say, to collect and receive the rents, issues and profits thereof, and to divide the net proceeds therefrom into two equal portions and to pay one portion thereof to my daughter, Edith Riddle, during the term of her natural life, and upon the death of my said daughter. Edith Riddle, said portion to be paid to the issue of my said daughter, Edith Riddle, and if my said daughter, Edith Riddle, should leave no issue and leaving my daughter, Harriet Shuster, her surviving, then said portion to be paid to said Harriet Shuster. To pay the other portion thereof to my daughter, Harriet Shuster, during the term of her natural life, and upon the death of my said daughter, Harriet Shuster, said portion to be paid to the issue of my said daughter, Harriet Shuster. Upon the death of the survivor of my two daughters above named, then the said property in this paragraph mentioned to be conveyed by my Executors and Trustees, or the survivor or their successors, to the issue of my said two daughters, Edith Riddle and Harriet Shuster, absolutely, in equal shares, and in case my daughter, Edith Riddle, should leave no issue her surviving, then to convey said property to the issue of my daughter, Harriet Shuster, absolutely, in equal shares.
"Fourth: Upon the death of my beloved wife, Irene Brooks, the properties hereinabove mentioned in Paragraph No. 2 hereof (in which she has a life interest) I give, devise and bequeath to my said Executors and Trustees to be held and disposed of as provided in Paragraph No. 3 hereof."
"Seventh: All the rest, residue and remainder of my estate, real, personal and mixed, I give, devise and bequeath unto my said daughters, Edith Riddle and Harriet Shuster, absolutely."
At the time the will was executed, testator owned the properties known as Nos. 1100, 1102, 1104, 1106, 1108, 1110, 1112, 1120, 1142, 1144, 1146, 1148 and 1150 Marion street, Camden, New Jersey, the latter five numbered properties being those referred to in the second paragraph and the remainder being those referred to in the third paragraph of the will. On September 28th, 1925, the testator, with his wife, Irene Brooks, made a written agreement with Edith Perry for the sale of all the properties referred to in these two paragraphs of his will. The settlement under this agreement was to be made on January 20th, 1926, and the properties then conveyed. Before the date fixed for settlement, the testator died, and on the settlement date the complainants, the executors and trustees under the will, together with Irene *Page 3 
Brooks, widow of testator, by deed dated January 19th, 1926, conveyed these properties to Edith Perry and made settlement in accordance with the terms of the agreement. The complainants, as executors and trustees, received thirteen purchase-money mortgages, twelve of which were for the sum of $2,000 each, covering all the properties except No. 1100 Marion street, upon which a $3,000 mortgage was executed.
The complainants, as executors and trustees, invested from the cash proceeds of the sale, the sum of $5,500 in a mortgage on property of George H. Rudderow. The real estate covered by these thirteen mortgages was conveyed by Edith Perry, on January 19th, 1926, to Sylvania Realty Company, a corporation, which corporation defaulted in the payment of the principal and interest on the mortgages and thereupon conveyed the mortgaged premises, on March 17th, 1930, to E. Milton Hannold, one of the defendants, subject to these mortgages, but for the use and benefit of the complainants.
On August 6th, 1932, Harriet Shuster, daughter of the testator, died, survived by five children and by her husband, George T. Shuster, one of the complainants. The complainants contend that the gifts and devises of the Marion street properties were adeemed by the testator during his lifetime by his execution of the agreement for sale which was carried out by his executors and trustees and his widow after his death; that title to the real estate vested in Edith Riddle and Harriet Shuster absolutely, at the death of the testator, under the seventh paragraph of the will; that the complainant, George T. Shuster, is entitled to a one-half interest therein under the will of his wife, Harriet Shuster, in which he was sole devisee and legatee; that the complainant, Edith Riddle, is vested of the remaining one-half; and that the complainants are each entitled to a one-half interest in the Rudderow mortgage.
The contention that there was an ademption as to the real estate which was devised under the second and third paragraphs of the will because testator entered into an agreement for sale after the making of the will, dying prior to the carrying out of the agreement, cannot be sustained. The legal title *Page 4 
remained in testator at the time of his death, and the specific properties so devised did not lose their identity, the agreement for sale disposing, at the most, of no more than the equitable title; therefore there was no ademption. So long as the agreement remained entirely executory I cannot regard it as an indication by testator of a change of testamentary purpose or an intentional revocation of any part of his will; nor did the complainants, executors and trustees, regard the legacy as adeemed when they made settlement under the agreement, inasmuch as payment for the conveyances was treated by them as specific trust funds and not as general assets of the estate.
In In re Cooper, 95 N.J. Eq. 210, Chief-Justice Gummere in his opinion approved the opinion of the supreme court of New Hampshire in Morse v. Converse, 80 N.H. 24;113 Atl. Rep. 214, in which the doctrine of ademption was discussed, and its scope defined in the following language: "A legacy which is specific is adeemed when the particular thing given is wholly lost or destroyed; or is disposed of by the testator during his life; or is so altered by him in its form as to indicate a change of testamentary purpose on his part, an intentional partial revocation of his will."
After the testator's death, and upon the conveyance of these properties by the executors and trustees in compliance with the agreement of sale made by testator in his lifetime, the assets coming to the hands of the executors and trustees in payment for the conveyance immediately became subject to the terms of the trust in the place of the premises so conveyed; it follows, therefore, that the thirteen purchase-money mortgages and the Rudderow mortgage, still held by the executors-trustees, do not pass under the residuary clause of the will, but go into thecorpus under the trust fund.
My conclusion is that the five children of Harriet Shuster are each entitled to have a one-fifth interest in the Rudderow mortgage and in the purchase-money mortgages on the Marion street properties, or the properties themselves held in trust by the defendant Hannold for the benefit of complainants, executors and trustees, which one-fifth interests are, however, *Page 5 
subject to the life estate therein of testator's widow in the five properties referred to in the second paragraph of the will, and subject to the life estate of complainant Edith Riddle, in the remainder; these properties or the mortgages now representing her interest. The interest of these five children being also subject to being diminished by one-half should Edith Riddle die leaving issue.