Carroll,
Jan. 2, 1946. } No. 3567.

FRANK G. FRENCH *v.* GEORGE E. PEARSON & a.

*Greene & Greene (L. Hamlin Greene* orally), for the plaintiff.

*Preston B. Smart* (by brief), for the defendants.

BURQUE, J. It is admitted that the plaintiff had a written contract with the Pitmans for the purchase of the lot. This gave the plaintiff an equitable interest in the lot. *Gove* v. *Lawrence,* 26 N. H. 484, 492; *Page* v. *Page,* 8 N. H. 187, 198. Plaintiff claims the deed was merely security for the loan, or advancement, both terms being used interchangeably by both parties, and this claim must be sustained. *Page* v. *Page, supra.* Defendants' agreement to pay the money for the plaintiff, taking the title in their names, and then agreeing to convey the land to him when they were repaid, results in a trust in favor of the plaintiff. *Hall* v. *Congdon,* 56 N. H. 279, 281, 282; *Prescott* v. *Jenness,* 77 N. H. 84.

It is a well-established principle of law that where A with his own money, buys land and takes title in the name of B, that there is a resulting trust in favor of A. The cases cited above are also authority for the proposition that where A borrows money of B for the purchase of land, and takes title in the name of B there is also a resulting trust

in favor of A. The trust is implied from the conduct and the acts of the parties, and operates as a matter of law. *A fortiori* does a trust result where there is, in addition thereto, an express agreement to convey when the money is repaid. *Hall* v. *Congdon, supra,* 282. And the result is strengthened when A already has an equitable title in the property.

Here we have all the necessary elements; plaintiff already had an equitable title in the land; he asked defendants to finance him to the extent of the balance due on the contract for the purchase, which they did. The oral agreement to the effect that defendants would convey the land to the plaintiff when they were repaid either in cash or in lumber, as reduced to writing, admitted to be the agreement, though not signed, leaves no question about the latter. It is also a fact that plaintiff had already entered upon and was operating the lot when the transaction between the plaintiff and defendants took place, all of which was well known to the defendants. Further, it appears that defendants had already financed the plaintiff in a like manner in the purchase of another lot in the town of Eaton, which the plaintiff was also operating and from which he was delivering slats to the defendants. The plaintiff was to be paid for the slats delivered from this five-hundred-acre lot on the same basis as for the slats delivered from the Eaton lot. Plaintiff was delivering slats from the five-hundred-acre lot at the time of the agreement, but defendants say they did not know this, and therefore had not opened an account to separate and allot the credits to the proper lot. They were allotting the credits to the Eaton lot. As events developed this becomes immaterial.

When plaintiff heard defendants were planning to sell this five-hundred-acre lot, he approached defendant Pearson and asked that he and his partner sign the agreement, and he, the plaintiff, would do likewise. This defendants refused to do unless plaintiff would sign another agreement whereby he would contract to deliver to them all the hardwood slats to be cut from the lot. Plaintiff refused, on the ground he had never obligated himself to do so, which is a fact. In view of this the Court erred in finding plaintiff had breached his agreement. Nowhere in the record do we find any evidence to support such a finding, except defendants' testimony that the purpose they had in mind in financing the plaintiff was to assure continuation of operation of the lot and a supply of slats for their mill. Never having communicated this to the plaintiff and never having made it a part of the original agreement, the Court's finding cannot be sustained.

We need not consider defendants' position that there being no

written contract between the parties, the Statute of Frauds applies and the plaintiff cannot prevail. The Statute has no application in cases of implied trusts. *Pembroke* v. *Allenstown*, 21 N. H. 107, 110; *Hall* v. *Congdon*, *supra* 281. To deprive the plaintiff of his rights in this case would be to perpetrate a fraud, and "fraud . . . may always be proved by parol. It is only to prevent fraud that the statute was made, not to cover or conceal it." *Prescott* v. *Jenness*, *supra*, 89.

"Specific performance of a parol contract to convey land will be decreed, in favor of the vendee, who has performed his part of the contract, where a failure or refusal to convey would operate as a fraud upon him." *Id.*, 90; *White* v. *Poole*, 74 N. H. 71, 73, and cases cited.

The plaintiff, having tendered the amount of money due under the contract, is entitled to have a decree entered in his favor, the decree to order the defendants to accept the money and to transfer the property to the plaintiff.

*Exceptions sustained.*

All concurred.