ERNEST O. BAILEY *& a.* *v.* SADIE SCRIBNER *& a.*

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the plaintiffs.

*Murchie & Cofran* (*Mr. Cofran* orally), for the defendants.

KENISON, J. The first question is whether the plaintiffs' bill in equity, filed in 1943, is barred by laches or the statute of limitations. The Master's findings and rulings as approved by the Superior Court disallowed both contentions. "The plaintiffs were in possession of the premises at all times between the date of Mrs. Trumbull's death and the date of filing the present action, and that the defendants took no action inconsistent with the complete title in fee claimed by the plaintiffs, nor asserted any right or title in the premises until they filed an answer in the present case. . . . The plaintiffs had no reason to believe they would not ultimately receive a conveyance of a fee to the Calley premises from Mrs. Trumbull up to the time they read her will after her death, so the statute did not start to run against them until the date of Mrs. Trumbull's death, on February 1, 1939." Ordinarily in the case of a resulting trust the statute of limitations begins to run in favor of the holder of the legal title against the equitable owner at the time of the conveyance where there is no recognition of the rights of the equitable owner. *Dow* v. *Jewell,* 18 N. H. 340; 4 Bogert, Trusts and Trustees, s. 950. However it "will not become adverse to the *cestui que trust* until the trustee disavows the trust, or asserts some right to the property inconsistent with it, and the *cestui que trust* has knowledge of the disavowal or assertion, or from the circumstances ought to have learned of it." *Crowley* v. *Crowley,* 72 N. H. 241, 246. The plaintiffs had no knowledge of a disavowal by Emma of their understanding until her will was read in 1939. During her lifetime Emma recognized the plaintiffs' joint use of the property and she never made any claim or assertion inconsistent with the plaintiffs' rights in the Calley property. The finding of the Master that the plaintiffs were not barred by laches under those circumstances was warranted by the evidence and the claim was within the time limit of the statute of limitations.

R. L., c. 259, s. 16, requires that trusts concerning lands shall be in writing but specifically excepts trusts which "result by im-

plication of law." Accordingly a resulting trust may be established by parol evidence that one person has furnished the whole or a part of the consideration for a purchase of land, the title to which was taken in the name of another. *Foley* v. *Foley*, 90 N. H. 281; 3 Scott, Trusts, *s.* 454.4; Restatement, Trusts, *s.* 454, *comment* j. While a resulting trust in land cannot be created by a parol agreement of the parties, evidence of the agreement is admissible to show the particular property for which the consideration was paid. 2 Bogert, Trusts and Trustees, *s.* 452; *Converse* v. *Noyes*, 66 N. H. 570.

The defendants contend that the plaintiffs are limited in establishing a resulting trust to the extent of the money paid by the plaintiffs. *Francestown* v. *Deering*, 41 N. H. 438, 442. The consideration paid in the case of a resulting trust is not limited to money but may include labor, materials, the release of an obligation or a promise. *Shelley* v. *Landry*, 97 N. H. 27; *Crowley* v. *Crowley*, 72 N. H. 241, 244. The money advanced by the plaintiffs, their labor in caring for Emma and improving the Calley property and the transfer of their interests under the deed to stand seized in respect to the Ham property, all in pursuance of the understanding of the parties at the time of the purchase, was sufficient consideration to give rise to a resulting trust of a remainder in fee in their favor in the Calley property. *Hallett* v. *Parker*, 68 N. H. 598; *Shelley* v. *Landry*, supra.

Skillful cross-examination of the plaintiffs by defendants' attorney disclosed some uncertainty as to the exact amount of money that was contributed by the plaintiffs as well as the time and method of payment. The testimony that money was paid was considered convincing by the Master even though the exact method, amount and time of the payments were not. Since this testimony was consistent with the conduct of the parties over a period of several years, we cannot say that it was incredible and worthless as a matter of law. *Chabot* v. *Shiner*, 95 N. H. 252.

An examination of the record shows that the findings of the Master were warranted by the evidence and the trial was free from any error of law. In view of the result reached it is unnecessary to consider whether the findings and rulings could be supported by some other theory of law. See Restatement, Restitution, *s.* 182.

*Exceptions overruled.*

All concurred.