Hillsborough County Probate Court
No. 80-267

*In re* ESTATE OF ADELAIDE REPOSA

March 6, 1981

*Charles E. Chretien*, of Manchester, by brief and orally, for Phyllis S. Chretien, specific devisee.

*Ransmeier & Spellman*, of Concord (*John C. Ransmeier* orally), for E. Grace Sanderson, residuary legatee.

PER CURIAM. The issue in this case is whether the testatrix's sale of real property subsequent to the execution of her will adeems a specific devise of that property. We hold that it does.

On February 3, 1972, Adelaide Reposa executed a will in which she devised her farm in Dunbarton to Phyllis Spencer, a woman raised by the Reposas as their own child. In that will Mrs. Reposa left the residue of her estate to her sister, E. Grace Sanderson. At the time the will was executed, Phyllis Spencer was unmarried and living near the testatrix on a lot the Reposas had conveyed to her out of the farm. She later married, sold the lot, and moved away.

On May 14, 1975, Adelaide Reposa sold the farm to Barry and Emma Lussier, taking cash, a mortgage, and a promissory note as payment. Mrs. Reposa died on November 28, 1979, without changing her will. The executor of her estate filed with the Court of Probate for Hillsborough County a petition for instructions on distribution of the estate. Essentially, the executor wanted to know whether the specific devise of the farm had been adeemed by the sale, or whether the mortgage and promissory note should be substituted for it. The Probate Court (*Copadis*, J.) ruled that the gift had been adeemed.

■■ On appeal, Phyllis Spencer (Chretien) argues that the probate court erred in refusing to admit extrinsic evidence to show that Mrs. Reposa did not intend to revoke the gift of the farm when she sold it. Since 1851, however, the law of this State has been that ademption is not a question of intention. *Ford v. Ford*, 23 N.H. 212, 216–17 (1851). *See generally* 6 PAGE ON THE LAW OF WILLS § 54.15 (1962). Because the testatrix's intention is immaterial, evidence of her contrary intention is inadmissible to rebut the presumption of ademption. *Morse v. Converse*, 80 N.H. 24, 26, 113 A. 214, 215 (1921); *Ford v. Ford*, *supra* at 216. The trial court, therefore, did not err in refusing to admit extrinsic evidence regarding the testatrix's intent.

■■ The sole inquiry for this court is whether the testatrix owned the property specifically devised at the time of her death. *See Ford v. Ford*, *supra* at 215. If the testatrix no longer owned the property, or if it was so changed in character as to be no longer identifiable, the gift has been adeemed. *Morse v. Converse*, *supra* at 25, 113 A. at 215. A mere change in form of the gift is not an ademption, but a complete change in nature and character is. *Blaisdell v. Coe*, 83 N.H. 167, 171, 139 A. 758, 760 (1927). In this case, at the testatrix's death, she no longer owned the farm, but rather a mortgage and a promissory note. This court has determined that a sale of real property by a testatrix so that all she owns at the time of her death is a mortgage is a change in character radical enough to effect an ademption. *Id.* We see no reason to depart from that rule, especially since the testatrix in this case was aware of the change she was making and had an opportunity to make a new will.

*Affirmed.*