Merrimack County Probate Court
No. 80-320

## *In re* ESTATE OF NORMAN L. JESSEMAN

April 17, 1981

*Hall, Morse, Gallagher & Anderson,* of Concord (*Charles T. Gallagher* on the brief and orally), for the devisee and legatee, Jessie M. Jesseman.

*Flynn, McGuirk & Blanchard,* of Portsmouth (*Anthony S. Hartnett* on the brief and orally), for the residuary legatee, Lois A. Armstrong.

PER CURIAM. The issue presented in this case is whether the proceeds from the sale of land pursuant to a written contract signed by the vendor pass to the devisee of the real estate, or to the residuary legatees under the vendor's will, when the vendor has died before the land has been conveyed and before the contract has become specifically enforceable by the parties. We hold that the devisee is entitled to the proceeds.

Norman L. Jesseman died on September 17, 1978. In the first clause of his will, executed on October 26, 1966, Mr. Jesseman devised and bequeathed "all of my interest in any real estate and all of my tangible personal property . . . to my beloved wife, Jessie M. Jesseman, if she survives me." In the second clause of his will, he bequeathed the rest, residue and remainder of his estate in the following manner: one-fourth to his wife, one-fourth to each of his daughters, Lois A. Armstrong and Susan M. Dearborn, one-eighth

to Marion Stevens, and one-eighth to his wife in trust for his son, Allen G. Jesseman.

On September 5, 1978, Mr. Jesseman executed a written contract to sell a parcel of land which he had owned since September 1966 for $10,000. After his death, Mrs. Jesseman, in her capacity as executrix of her husband's estate, conveyed the land to the purchasers by fiduciary deed on November 1, 1978. The net proceeds of the sale were $8,735.95. The executrix accounted for the proceeds by distributing them to herself as devisee under the first clause of her husband's will.

One of the residuary legatees, Lois Armstrong, contested the account filed by the executrix. The Probate Court (*Cushing*, J.) ruled that the devise of the real estate in question was adeemed when the testator signed an enforceable contract for the sale of the real estate on September 5, 1978, and that, therefore, the net proceeds from the sale passed to the residuary legatees under the second clause of the testator's will. Mrs. Jesseman appealed from this ruling.

■■ The residuary legatee contends that the probate court's ruling was mandated by the doctrine of equitable conversion. Under this doctrine, an executory contract for the sale of land ordinarily effects a conversion of the vendor's interest into personal property and of the vendee's interest into real property. 18 C.J.S. *Conversion* § 9 (1939). From the time the conversion occurs, the purchaser is regarded as the equitable owner of the land and the seller is regarded as the equitable owner of the purchase money. *Panushka v. Panushka*, 221 Or. 145, 149, 349 P.2d 450, 452 (1960); *see McGregor v. Putney*, 75 N.H. 113, 114, 71 A. 226, 227 (1908). If the seller dies before the contract is executed, the legal title to the property passes as real estate but his interest in the purchase money passes as personal property. *E.g., Panushka v. Panushka, supra* at 150, 349 P.2d at 452; *In re Estate of Willson*, 499 P.2d 1298, 1300 (Utah 1972).

■ An equitable conversion does not occur, however, unless and until the contract for the sale of the land becomes binding upon and specifically enforceable by the parties. *In re Estate of Sweet*, 254 So. 2d 562, 563 (Fla. Dist. Ct. App. 1971), *cert. denied*, 259 So. 2d 717 (Fla. 1972); *Inghram v. Chandler*, 179 Iowa 304, 306–08, 313, 161 N.W. 434, 435, 437 (1917); *Harrison v. Rice*, 89 Nev. 180, 183, 510 P.2d 633, 635 (1973); *Panushka v. Panushka, supra* at 149–52, 349 P.2d at 452–53; *see Thompson v. Ford*, 145 Tenn. 335, 338, 236 S.W. 2, 3 (1921). Thus, if the contract cannot

be specifically enforced by the vendor and the vendee at the time of the vendor's death, there would be no equitable conversion at that time. *Lampman v. Sledge*, 502 S.W.2d 957, 959 (Tex. Civ. App. 1973); *see Inghram v. Chandler, supra* at 308, 313, 161 N.W. at 435, 437. Therefore, the legal *and* equitable interests in the property which is the subject of the contract would pass to the vendor's devisees. *See Inghram v. Chandler, supra* at 314, 161 N.W. at 437.

■ The contract in this case was "subject to obtaining a building permit from the Town of Gilford for a two-bedroom home." The general rule is that an agreement which is made subject to conditions cannot be specifically enforced until all such conditions are performed. *Cellucci v. Sun Oil Company*, 320 N.E.2d 919, 926 (Mass. App. 1974), *aff'd*, 368 Mass. 811, 331 N.E.2d 815 (1975); *Lampman v. Sledge*, 502 S.W.2d at 959. "This is particularly true of contracts conditioned on the actions of governmental bodies . . . whose discretionary functions are not ordinarily subject to judicial fiat." *Himes v. Stitt*, 36 Colo. App. 249, 253, 540 P.2d 1104, 1106 (1975). (Citations omitted.) There is no evidence that the condition in this contract was complied with or waived before the testator's death. Accordingly, the contract was not specifically enforceable by the parties on the date of the testator's death, and, consequently, an equitable conversion of the property in question had not taken place at that time. *Lampman v. Sledge supra*. The unenforceability of this contract distinguishes this case from those relied upon by the residuary legatee. *See, e.g., In re Estate of Krotzsch*, 60 Ill. 2d 342, 349, 326 N.E.2d 758, 762 (1975).

■ We therefore hold that at the time of his death the testator was still the equitable owner of the real estate which he had contracted to sell. Because this is so, the probate court erred in ruling that the devise of the land had been adeemed. *See In re Estate of Reposa*, 121 N.H. 114, 115, 427 A.2d 19, 20 (1981). The land passed to Mrs. Jesseman as devisee under the first clause of the will and, therefore, she is entitled to the proceeds from the sale of the property. The case is remanded to the probate court so that it may approve an accounting of the testator's estate which reflects our holding herein.

*Reversed and remanded.*