**In re George JODOIN, Debtor.**

**Jeffrey SCHREIBER, Trustee, Plaintiff**

**v.**

**Ronald CEREOLA, Custodian, Gail Coutinho, Patrick Houghton and PPH Corp., Defendants.**

Bankruptcy No. 94–11803–JEY.
Adv. No. 94–1135–MWV.

United States Bankruptcy Court,
D. New Hampshire.

April 10, 1997.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

Ronald J. Cereola, Candia, NH, for Defendant Ronald Cereola, Custodian.

Edward Clancy, Dover, NH, for Defendant Patrick Houghton and for Defendant PPH Corporation.

Richard D. Craven, Tyngsboro, MA, for Defendant Gail Coutinho.

Randall L. Pratt, Schreiber and Associates, Danvers, MA, for Plaintiff Jeffrey Schreiber.

### MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the complaint of Jeffrey Schreiber, Trustee versus Ronald Cereola, as Custodian ("Attorney Cereola"), Gail Coutinho ("Coutinho"), Patrick Houghton ("Houghton"), and PPH Corporation. This adversary proceeding brought by the trustee is to avoid as a fraudulent conveyance an assignment of a purchase and sale agreement to purchase real estate made by the Debtor, as assignor, and Houghton, as assignee; to avoid as a fraudulent conveyance a

transfer to Coutinho;[1] and to compel Attorney Cereola to turn over assets of the estate. The Court had previously granted summary judgment to the trustee, which order was vacated by the United States District Court for the District of New Hampshire by its order dated October 31, 1996. In accordance with that order, an evidentiary hearing was held on April 4, 1997.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## FACTS

On January 23, 1992, the Debtor executed a note payable to Coutinho in the original face amount of $30,700 with payments of $300 per month to be made for six months and the unpaid balance to be due and payable on July 23, 1992. Coutinho testified that the Debtor defaulted on the note and the balance was not paid when due in July 1992. Coutinho eventually obtained a judgment in Hillsborough County Superior Court in April 1993 in the amount of $29,700 plus $4,000 in interest, costs and attorneys' fees.

On or about September 21, 1992, Jodoin attended an auction held by Hillco Properties Services, Inc. of certain land and buildings located on 177–183 Hayward Street in Manchester, New Hampshire. Jodoin was the successful bidder at that auction for a total purchase price of $127,500. Jodoin entered into a purchase and sale agreement on September 21, 1992 with Hillco and made a deposit of $12,750. The purchase and sale agreement indicated that Jodoin desired to take title in a corporation "to be formed." The purchase and sale agreement further contained in paragraph 10 an anti-assignment provision, which was not mentioned by any party at the April 4 hearing.

On September 23, 1992, Jodoin executed an assignment of his rights in the September 21 sales agreement and deposit receipt to Houghton. (Plaintiff's Exhibit No. 4.) The assignment does not indicate the consideration for the assignment, but Houghton testified there was money owed to him from another deal he had with Jodoin regarding property on Coteville Road in Derry, New Hampshire, specifically, the sum of $2,000 he loaned to Jodoin to purchase that property and the sum of $5,500, which Houghton believed was his profit from the sale of that property which was never paid to him. The assignment was not recorded in the registry of deeds.

At some point, Jodoin and Harvey Dupuis ("Dupuis") agreed to be equal partners in the 177–183 Hayward Street property. The trustee entered into evidence an undated receipt showing a transfer of $10,000 from Dupuis to Jodoin. (Plaintiff's Exhibit No. 3.) Vickie Wood ("Wood"), who managed Dupuis' real estate investments, testified that this receipt was executed prior to the formation of the Hayward Street Realty Corporation, whose articles of incorporation were filed at the Secretary of State on October 5, 1992. (Defendants' Exhibit No. 345.) On November 25, 1992, the property was deeded from Hillco Properties Services, Inc. to Hayward Street Realty Corporation. (Plaintiff's Exhibit No. 7.)

On December 7, 1992, Dupuis, as Secretary, Treasurer and President of Hayward Street Realty Corporation, signed Jodoin's stock certificate, indicating Jodoin owned 150 shares of Hayward Street Realty Corporation. (Plaintiff's Exhibit No. 8.) On August 23 or 24, 1993, Coutinho, who had an outstanding writ of execution, executed on Jodoin's stock certificate, which was still in the possession of Dupuis. (Plaintiff's Exhibit Nos. 15 and 16.) On August 15, 1993, Houghton signed a letter from PPH Corporation to Attorney Clancy advising Attorney Clancy, who represented Jodoin, that PPH was the owner of fifty percent of the shares of Hayward Street Realty Corporation.

---

1. The trustee, pursuant to an order approved by this Court, has previously entered into a settlement agreement with Coutinho.

PPH is a corporation owned by Houghton and his brother. (Defendants' Exhibit No. 307.) On August 27, 1993, Attorney Clancy, now representing Houghton, sent a letter to Attorney Cereola, who represented Coutinho, in which Attorney Clancy indicated that Houghton was the bona fide purchaser in good faith of the stock certificate, which transaction took place prior to the execution on behalf of Coutinho. On September 1, 1993, the Hayward Street premises were transferred to a third party, Play to Win, Inc., for the sum of $225,000. After closing, Mr. Dupuis received one-half of the net proceeds, approximately $36,000, and the other half of the net proceeds were placed in escrow pursuant to an agreement between Attorney Clancy, representing Houghton, and Attorney Cereola, representing Coutinho.

On July 27, 1994, Jodoin filed a petition under Chapter 7 of the Bankruptcy Code. On November 2, 1994, the trustee brought this adversary proceeding alleging a fraudulent transfer of assets to Coutinho; a fraudulent transfer of assets to Houghton and PPH Corporation; and an action to compel Attorney Cereola to turn over assets of the Chapter 7 estate, namely, the proceeds from the real estate sale.

The Court further finds that, during the period September 23, 1992 through August 15, 1993, the assignment was undisclosed and that Houghton knew that the property was to be taken in the name of a corporation to be formed. Further, at all times during the period September 23, 1992 through August 15, 1993, Jodoin acted as a fifty percent owner of the Hayward Street property in his relationship with Dupuis, the other fifty percent owner, in his actions to resell the property, and in the possession of the real estate, including storage of various items of his personal property in the Hayward Street premises. Finally, there is no evidence, other than Houghton's testimony that he told Jodoin to form a corporation and to try to resell the property, of any active interest by Houghton or his corporation, PPH, from the time of the assignment to the August 15, 1993 letter to Attorney Clancy. For whatever reason, Jodoin, the assignor and the Debt-

or, was not called to testify by any party to this adversary proceeding.

## DISCUSSION

The district court, in its October 31, 1996 opinion, found that upon execution of a purchase and sale agreement for real estate, the purchaser acquires valuable, enforceable and assignable legal rights, citing *Bronstein v. GZA GeoEnvironmental, Inc.*, 140 N.H. 253, 665 A.2d 369 (1995); *Lapierre v. Cabral*, 122 N.H. 301, 444 A.2d 522 (1982); and also *Estate of Jesseman*, 121 N.H. 313, 315, 429 A.2d 1036 (1981). That is the law of this case. The trustee seeks to avoid the assignment as a fraudulent transfer under section 544 of the Bankruptcy Code which permits the trustee to proceed to avoid a fraudulent conveyance under state law, namely, N.H. RSA 545-A:4. Under that statute, the trustee alleges that the assignment was made with the actual intent to hinder, delay or defraud creditors of the Debtor or that the transfer was made without a reasonably equivalent value. The Court disagrees.

With respect to actual intent to hinder, delay or defraud a creditor, the Court realizes that actual intent may be inferred by the totality of the circumstances surrounding a transaction. Indeed, in this case there is evidence with respect to the Debtor's overall business transactions that there may have been fraudulent conveyances. However, with respect to this particular transfer, the evidence is that Houghton or PPH Corporation had completed two similar transactions with the Debtor and had received similar assignments, specifically the assignment of a purchase and sale agreement dated July 30, 1991 for property located at 409 Cedar Street and an assignment of a purchase and sale agreement dated May 6, 1992 for property located at 432 Shasta Street. As indicated above, Houghton testified that he was owed $2,000 for monies loaned to Jodoin and $5,500 as a result of a transaction in which he did not receive his share of the profits. These debts constituted the consideration for the assignment. The Court finds that the assignment was executed in the ordinary course of both the Debtor's and Houghton's business arrangements. The evidence does

not support a finding that, with respect to this transaction, the assignment was made with the intent to hinder, delay or defraud a creditor.

■ Under N.H. RSA 545–A:3, value for a transfer may be an antecedent debt. The only evidence of consideration in this case is the testimony of Houghton, which is that he was owed at the time of the assignment the sum of $7,500. The question then before the Court is whether $7,500 is "reasonably equivalent" to the value of the purchase and sale agreement assigned to Houghton. The Court finds that the value must be established as of the date of the transfer, namely, September 23, 1992. At that point in time, evidence indicates that Jodoin had deposited $12,750 as a down payment, had not yet formed a corporation to take title, and had not obtained the financing necessary to complete the transaction. There is no evidence before the Court that, at the time of the assignment, the value of the Hayward Street premises was anything other than the amount bid at the auction. Further, unless and until financing was obtained and the transaction was closed, the Court questions whether there was any value in the purchase and sale agreement itself. The trustee argues that value should be determined by the sales price of the property when sold almost a year later. Once again, the Court disagrees. Hindsight should not be utilized in determining whether at the time of the transfer Jodoin obtained reasonably equivalent value. The Court finds that the $7,500 antecedent debt owed by Jodoin to Houghton is a reasonably equivalent value and, thus, the assignment is not a fraudulent conveyance.

Having found that the assignment was not a fraudulent conveyance, the Court must next determine whether, by virtue of the assignment, Houghton or PPH Corporation obtained any interest in the shares of Hayward Street Realty Corporation and, thus, might be entitled to the proceeds of the subsequent sale of the property. For the following reasons, the Court finds that Houghton and PPH did not obtain any interest in Jodoin's shares of stock of Hayward Street Realty Corporation and, thus, upon

Jodoin's filing of bankruptcy, the shares became assets of the bankruptcy estate subject to any valid encumbrances.

■ In the case of *In re Estate of Jesseman*, 121 N.H. 313, 315, 429 A.2d 1036 (1981), the Supreme Court found that under the doctrine of equitable conversion, an executory contract for the purchase and sale of real property conveys equitable title to the prospective purchaser. Thus, in this case, upon the execution of the purchase and sale agreement, Jodoin obtained an equitable interest in the property, which interest was then assigned to Houghton pursuant to the September 21, 1992 assignment.

■ New Hampshire RSA 477:3–a requires that any "instrument which affects title to any interest in real estate . . . shall not be effective as against bona fide purchasers for value until so recorded." N.H.Rev. Stat.Ann. § 477:3–a (1992). The Court finds that the purchase and sale agreement and the assignment in question are instruments which affect title to an interest in real estate and, therefore, had to be recorded to be effective against a bona fide purchaser. However, neither were recorded. Houghton knew that the property was to be transferred to a corporation to be formed. The corporation was formed and the property was deeded to that corporation. Hayward Street Realty Corporation is a separate entity and, other than the fact that Jodoin became a fifty percent shareholder, there is no evidence before the Court that the corporation was not a bona fide purchaser for value. "A bona fide purchaser for value is one who acquires title to property for value, in good faith, and without notice of competing claims or interests in the property." *Hawthorne Trust v. Maine Sav. Bank*, 136 N.H. 533, 537, 618 A.2d 828 (1992). The assignment was made prior to formation of the corporation and, when made, Jodoin was not acting as an officer of the corporation within the scope of his authority. *See Sutton Mut. Ins. Co. v. Notre Dame Arena, Inc.*, 108 N.H. 437, 441, 237 A.2d 676 (1968). In addition, there is no evidence that the corporation, a separate legal entity, had knowledge of the assignment prior to the August 15, 1993 letter from Houghton to Attorney Clancy. The evidence

is that Dupuis, who advanced $10,000 to Jodoin to obtain a fifty percent interest and whose wife financed the transaction, had no knowledge of Houghton's claim or assignment. Counsel who prepared the corporate documents prepared them for Jodoin and Dupuis, both as officers, directors and shareholders, and apparently had no knowledge of any other claim.

Accordingly, because Houghton did not record his interest and Hayward Street Realty Corporation was a bona fide purchaser, the Court finds that upon the transfer from Hillco to Hayward Street Realty Corporation, Houghton no longer had any interest in the real estate.

 Houghton has made the further claim that he is the actual owner of the 150 shares of stock owned by Jodoin. However, neither the law nor the evidence supports that contention. The shares were issued to Jodoin. While the evidence indicates the corporate records were not maintained properly, there is no indication the shares were ever intended to be transferred on the books of the corporation to Houghton or PPH. At all times, Jodoin acted as a fifty percent owner in his dealings with the other fifty percent owner, Dupuis, as well as third parties. Houghton argues that Jodoin held the shares for his benefit, inferring at least that a resulting trust existed for his benefit. However, the Court finds that for a resulting trust to exist, the consideration must have some relation to the real estate being transferred. In the instant case, the consideration given by Houghton was an antecedent debt with respect to a transaction that had no relationship to the Hayward Street property. Thus, the Court finds that the shares are not subject to a resulting trust for the benefit of Houghton or PPH. *See Thomas v. Finger,* — N.H. ——, 679 A.2d 567 (1996); *Chamberlin v. Chamberlin,* 116 N.H. 368, 359 A.2d 631 (1976); *Kachanian v. Kachanian,* 100 N.H. 135, 121 A.2d 566 (1956); *Shelley v. Landry,* 97 N.H. 27, 79 A.2d 626 (1951); *Bailey v. Scribner,* 97 N.H. 65, 80 A.2d 386 (1951); *French v. Pearson,* 94 N.H. 18, 45 A.2d 300 (1946).

For the reasons stated above, the Court finds that neither Houghton nor PPH Corporation has any interest in the shares of Hayward Street Realty Corporation and that the shares are property of Jodoin's estate. Houghton's or PPH's claim, if any, is against the Chapter 7 estate or Jodoin, whose discharge has been previously denied, but not against any specific assets of the Chapter 7 estate.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.