KATHARINE BURY *vs.* JOHN SULLIVAN & others.

Middlesex.     December 3, 1908. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Widow.  Husband and Wife.  Mortgage,* Of real estate.

Where a married man dies intestate, leaving a widow but no issue, and his estate consists of one parcel of land worth if unincumbered $8,500, but subject to a mortgage for $4,100, there being no personal property of any value and no assets other than the land from which the mortgage debt can be paid, the value of the land must be ascertained by deducting from its unincumbered value the amount of the mortgage debt at the time of the death of the intestate, with the result that the land is less than $5,000 in value, and, when governed by Pub. Sts. c. 124, § 3, belongs wholly to the widow in fee.

MORTON, J.  This is a petition by the widow of one Daniel J. Sullivan pursuant to Pub. Sts. c. 124, § 3, as amended by St. 1894, c. 170, to have the whole of his real estate set out to her in fee.  The husband died in May, 1896, leaving no issue, and, as the only persons interested in his estate, his widow, two brothers and a nephew.  He left no personal property of any consequence, but was seised of one parcel of real estate worth at the time of his death and of the hearing in this court, if unincumbered, $8,500.  At the time of his death it was subject to a mortgage of $4,100.  The petitioner has been in constant occupancy of the real estate since Daniel J. Sullivan's death, and from rents and other sources has paid the interest and $3,000 on the principal of the mortgage.  On January 20, 1906, the balance, $1,100, was paid by the present husband of the petitioner and the mortgage was discharged.  In the Probate Court a decree was entered assigning the whole of the real estate to the

petitioner and her heirs in fee.  The respondents appealed.  The case was heard by a single justice of this court, who ruled that the entire real estate should be assigned to the petitioner in fee, and ordered a decree to be entered accordingly, affirming the decree of the Probate Court, and, at the respondents' request, reported the case to the full court, "such decree to be entered as law and justice may require."

We think that the ruling was right.  In a case like the present, where there are no assets from which the mortgage debt can be paid except the land which is held as security for it, we regard the case of *McCurdy* v. *McCurdy*, 197 Mass. 248, as decisive on the question whether the mortgage indebtedness should be taken into account in ascertaining whether the whole real estate exceeded $5,000 in value or not.  No good reason can be given why a mortgage debt should be deducted in order to ascertain the value of the estate liable to a succession tax and should not be deducted in a case like the present.  If the nature of the respective claims against the estate be considered, the heirs are certainly entitled to stand on no better footing, so far as the widow's rights are concerned, than they would stand on in respect to a succession tax.  Upon the death of the petitioner's husband, the whole of his real estate, if it did not exceed in value $5,000, vested in her by force of the statute as his heir, (*Sears* v. *Sears*, 121 Mass. 267, *Eastham* v. *Barrett*, 152 Mass. 56,) and the assignment took effect as of that date.

It follows that the petitioner was not a tenant in common with the other heirs, and that the fact that partly from the rents and partly from other sources the mortgage was reduced by the petitioner after her husband's death is immaterial.  It is not necessary to consider whether or not the payment by her present husband of the balance due on the mortgage operated as an assignment of the mortgage for his and her benefit.

*Decree affirmed.*

*H. H. Winslow*, (*H. J. Winslow* with him,) for the respondents.

*T. F. Fitzgerald*, for the petitioner.