Rockingham, }
April 4. 1933. }

MARION F. BROWN *v.* FRED W. JEWELL.

*Batchelder & Wheeler* (*Mr. Wheeler* orally), for the plaintiff.

*Forrest Killam* (of Massachusetts), for the defendant.

ALLEN, J. I. The bill is an original proceeding relating to custody of a minor. While in form it seeks to enjoin the defendant from exercising custody, the right to an injunction admittedly depends upon the plaintiff's maintenance of her assertion that the custody ought to be reposed with her. The bill is not brought to aid, or to give emergency relief in other proceedings. Independent jurisdiction of equity to determine and award custody is therefore essential to support it.

The case of *Leclerc* v. *Leclerc*, 85 N. H. 121 is decisive against the jurisdiction. Recognizing the parental custody given by the statute (P. L., *c.* 290, *s.* 4) as an incident of parental guardianship without judicial appointment, it holds that "The question of permanent custody, involving as it does careful investigation of the fitness of proposed guardians and the best interests of minors, is a matter with which the probate court is well qualified to deal, and the legislature has clearly indicated that it shall there be decided in the first instance."

The plaintiff's position that the probate petitions did not present certain issues relevant to custody overlooks the extent of the probate court's authority. Any matter which may be properly considered may be brought up in the probate proceeding. The occasion for the appointment of a guardian may be to place the minor's custody suitably as well as to have his property placed in proper charge.

The statute (P. L., *c.* 290, *s.* 18) enacting that "Every guardian shall have the custody and tuition of the minor" as well as the care and management of his estate, shows the unrestricted area of the probate court's field of investigation in selecting a guardian. In making an appointment the two questions are of occasion for it and "whose appointment would best promote the welfare" of the minor. *Hutchins* v. *Brown*, 77 N. H. 105, 106. Any view that the court may not inquire and receive evidence in full measure and as widely as in a proceeding in equity tends to defeat a proper appointment.

Under the principle that relief may not be invoked in equity when it may be otherwise or elsewhere obtained, the plea against jurisdiction should have been sustained.

II. This disposal of the jurisdictional issue would normally leave the effect of the orders in the probate appeals undetermined. But

inasmuch as it is desirable that the child's legal custody be decided and as the plea of *res adjudicata* relates to it, it is thought expedient to pass upon it.

The record shows the defendant vested with the sole legal custody, the child's mother being dead. "Upon the death of either parent, the survivor shall be the sole guardian of the person of the child." P. L., *c.* 290, *s.* 4. This statutory guardianship, constituted without judicial appointment and giving custody, continues until a judicial appointment is made. "In the absence of proceedings in the probate court the defendant [as a surviving parent] is the natural and legal guardian of all her children, and *prima facie*, entitled to have the custody of them." *Leclerc* v. *Leclerc, supra,* 125.

The finding in the probate appeals that the defendant is a suitable person to have his child's custody must be regarded on general principles as *res adjudicata.* The plaintiff's petition for her own appointment brought before the court the issue of the defendant's fitness. He was suitable unless found not to be. *Brackett* v. *Brackett,* 77 N. H. 68, 70; *Leclerc* v. *Leclerc, supra.* The finding that he was suitable goes farther than was necessary. As he was not found unsuitable, the custody was committed to him by force of the statute. The child having no property, only custody was at stake. The father not being unsuitable, his appointment as guardian would add nothing to his statutory guardianship already in force. Hence there was no occasion to make the appointment. This is the necessary effect of the orders dismissing the appeals, taking into account the special findings. The dismissal of the father's petition reinstated the probate court's order of its dismissal, but did not affirm any findings or rulings supporting the order. A probate appeal transfers the entire subject-matter of the appeal to the superior court where it is treated as an original proceeding.

Except when resort may be had to *habeas corpus* proceedings, and aside from cases where the child has property, a surviving parent can be removed from his statutory guardianship only on proof of his unfitness in a trial of a petition for the probate court's appointment of a guardian. To find him unsuitable, it must appear that the child's welfare demands a change of custody. But the social policy adopted by the legislation and making parentage an essential test of proper custody when it is available and not unworthy, is controlling. So long as the parental custody is suitable, it is not to be disturbed or affected by any considerations for those outside the relation. Nor may the custody, whether given by statute or arising from appoint-

ment as guardian, be transferred by contract. If the legal custodian may entrust the custody to others, his own responsibility may not be delegated, and there must be a reservation of control by which full custody may be resumed as occasion may require. If the defendant's alleged undertaking to delegate and transfer custody to the plaintiff may be evidence of his unfitness, the matter was a triable issue at the hearing on the plaintiff's petition to be appointed guardian. A similar situation was before the court in *Richards* v. *Forrest*, 278 Mass. 547 where the general subject of fitness is extensively discussed.

The defendant having been found to be a suitable custodian, only for becoming unfit since the finding may his custody be terminated. The plea of *res adjudicata* should also have been sustained.

*Bill dismissed.*

All concurred.