Belknap,
July 6, 1950. } No. 3919.

ARTHUR H. FELLOWS & a., *Ap'ts v.* F. E. NORMANDIN, *Adm'r, App'e.*

*Tilton & Tilton (Mr. Robert P. Tilton* orally), for the appellants.

*Normandin & Normandin (Mr. F. A. Normandin* orally), for the appellee.

DUNCAN, J. Since the early decision of *Bean* v. *Burleigh,* 4 N. H. 550, it has consistently been held that the appellant in a probate appeal is limited to questions presented by his reasons of appeal. *Scammon* v. *Pearson,* 80 N. H. 122; *Stevens* v. *Stevens,* 71 N. H. 579, 580; *Simmons* v. *Goodell,* 63 N. H. 458; *Patrick* v. *Cowles,* 45 N. H. 553. "In all probate appeals, the superior court is the probate court of appeal. No other jurisdiction of the superior court may be attached to the appeal." *Applin* v. *Knowlton,* 85 N. H. 320, 321. See also, *Hood* v. *Marshall,* 69 N. H. 605, 606. While these principles have not been strictly observed in argument, they must be regarded as controlling. The issues open to the appellants before us are limited not only to matters specified in their appeal, but further to the issues with respect to them which their exceptions present.

The principal exception is to the denial of the motion to set aside the findings and order of the Superior Court because "contrary to the evidence and the weight of the evidence" and the law, because the "findings and decree are inconsistent with the evidence; . . . with the law; and . . . with each other," because the Court "fell into a plain mistake," and because in error "particularly in relation to the vested interests of the petitioners in that the said findings and decree fail to consider such interest." Other exceptions transferred have neither been briefed nor argued.

The issue raised by exception to denial of the motion to set aside is primarily that of whether the Court failed to act properly in its consideration of the evidence because it was misled or failed to consider the evidence intelligently. *Condiles* v. *Waumbec Mills,* 95 N. H. 127. With respect to issues sought to be raised by the reasons of appeal alleging that the Probate Court's allowance of the account was against the evidence and the weight of the evidence, the Court by granting one of the appellee's requests ruled that they should be "dismissed for lack of evidence." If the reason thus assigned for dismissing the appeal as to these grounds was not aptly phrased, yet the action taken was proper. The Probate Court is not a court of record in the common law sense of the term (*Judge of Probate* v. *Briggs,* 3 N. H. 309), and an appeal to the Superior Court is not a review of unrecorded proceedings in the Probate Court, but a trial

of the issues presented by the appeal, "heard anew like an original action." *Stearns* v. *Chandler*, 88 N. H. 318, 320. See also, *Brown* v. *Jewell*, 86 N. H. 190. Reference to the evidence before the Probate Court presented no issue for decision by the Superior Court. The trial in the latter court properly proceeded without reference to evidence taken by the Probate Court. The reasons which relied upon that evidence raised no issues to be heard anew, and the appeal was properly dismissed as to them.

The appeal was likewise dismissed as to the reasons alleging that the appraisal was so "decidedly low" that it did not "show the true and fair valuation," and that the account, being based upon the appraisal, likewise failed to "show the true and fair valuation of the assets of the . . . estate." In this there was no error. With respect to these issues the Court made the affirmative finding that "the inventory of the real and personal property fairly valued the property as of the date of death of the intestate." It was to this issue that the testimony taken at the trial was largely directed.

An architect called by the appellants testified that in his opinion, based upon inspection of the property in 1946, the real estate had a value of $16,000 in 1943. The widow testified that it was acquired over a period beginning in 1923 at a cost in excess of $13,000. She described the buildings at the time of her husband's death as in poor condition from lack of maintenance and repair. In this she was confirmed by Lester E. Fellows a brother of the decedent and one of the appraisers. His testimony supported the appraisal figure of $10,000 and dealt with items of personal property in some detail. An officer of a building and loan association, called by the appellee, testified that in his opinion the real estate had a value of $12,000 in 1943. His association had made a loan of $6,300 on the premises in 1937 and declined to increase it after a reappraisal made for the decedent shortly before his death. The evidence tended to show that the loan ultimately procured by the decedent was secured both by mortgage and by life insurance pledged as collateral.

The issue of value was one of fact for the Trial Court's determination. Since there was evidence to warrant the finding made, it is final here. The finding that the inventory fairly valued the decedent's property likewise disposes of the remaining reason of appeal alleging that there was not such a sufficient and complete appraisal as to enable the Probate Court to properly evaluate the estate. It is suggested that the good will of the decedent's business was omitted from the inventory, but there was no evidence of its value, and it

might be inferred from the evidence that it was merely nominal. In support of this ground the appellants have also argued that Lester E. Fellows, the brother who was one of the three appraisers, was not a "suitable person" to act as appraiser. See R. L., c. 353, s. 2; *Fox v. Hills*, 1 Conn. 295, 307. The evidence discloses that in addition to being an heir, he was also tenant of a part of the real estate, and was appointed appraiser because of his familiarity with the personal property. If he was disqualified, the error made in appointing him is not now material. The question of what the administrator should be charged with was properly raised upon the accounting. *Hoyt's Probate Practice* 161. Any question of the disqualification of the appraiser is disposed of by the finding of the Court that the property was fairly valued. The requirements of the statute are designed to produce an impartial determination of value. Such a determination has now been made by the Court, and the issue of qualification is moot. As to matters fairly presented by the appeal, there is no indication that the Court acted unintelligently or was misled. *Condiles v. Waumbec Mills, supra*. The order dismissing the appeal should stand.

The final ground of the motion to set aside is taken to refer to the question of title to the real estate as between the widow and the brothers and sisters of the decedent. The finding or ruling of the Court that "the title to the real estate is in the widow . . . free from any right, title, or interest of the brothers and sisters of the decedent" bears no relation to any issue presented by the appeal. While the personal estate was insufficient to pay the debts, so that the appellee might have applied for a license to sell the real estate, this course was not taken, nor was the estate administered in insolvent course, because the widow advanced funds sufficient to pay the debts in full. Thus the administrator never became chargeable with the value of the real estate, and it played no part in his accounting, except as rentals received by him were shown to have been applied to the payment of debts. While he was not officially accountable for the rents in settlement of his account (*Ayers v. Laighton*, 73 N. H. 487) the appeal raised no issue with respect to them. Title to the real estate was not in issue, nor is it apparent how it could be adjudicated by a decree in settlement of this account. *Ayers v. Laighton, supra*. The jurisdiction of the Superior Court acting as a probate court of appeal was limited to determination of the issues arising out of settlement of the account, so far as presented by the appeal from its allowance. *Applin v. Knowlton, supra*.

Literally construed, the statutory provisions relating to the widow's rights would not operate to vest in the widow the whole of the real estate, since the inventory value was in excess of seven thousand five hundred dollars. R. L., c. 359, s. 11. The record indicates however that the value of the decedent's equity over and above the mortgage debt, was well below the statutory figure. Under a parallel statute and similar circumstances, a widow has been held entitled to the whole. *Bury* v. *Sullivan*, 201 Mass. 327. Upon the filing of her release of dower and homestead, the widow became vested with a title immediately (*Fletcher* v. *Cotton*, 81 N. H. 243, 245), subject to existing claims against the property (*Hunkins* v. *Hunkins*, 65 N. H. 95). If the mortgage was discharged as a result of payment by her, still it may be treated as assigned, if justice requires. *Rossiter* v. *Sanaghiaro*, 78 N. H. 484, and cases cited. In the interest of asserting and defining her title, (*Fletcher* v. *Cotton*, supra; *Naylor* v. *Nourse*, 231 Mass. 341) she may choose to seek an assignment in accordance with the statute; but whatever proceedings may be taken to determine any issue of title will not require that the administrator be a party, or affect his account. The finding of the Trial Court with respect to title, being surplusage, cannot alter the rights of the brothers and sisters or the widow. The evidence upon appeal required no modification of the account, and dismissal of the appeal was warranted. The immaterial finding with respect to title may be disregarded without affecting the result. *Turner* v. *Bragg*, 113 Vt. 393; *Federal Finance Co.* v. *Forman Properties, Inc.*, 135 Conn. 153.

*Exceptions overruled.*

All concurred.