Rockingham,
Apr. 3, 1951. } No. 4007.

HENRY A. SHELLEY *v.* IRENE LANDRY *& a.*

*John W. Perkins* and *Everett P. Holland* (*Mr. Holland* orally), for the plaintiff.

*William H. Sleeper, Robert Shaw* and *Wayne S. Mullavey* (*Mr. Mullavey* orally), for the defendants.

LAMPRON, J. The principal issue in this case is the nature of the interest acquired by Irene Landry by reason of this conveyance to her father and herself, as joint tenants, of the premises in question. The father could have intended and thus made an *inter vivos* gift to his daughter of both the beneficial interest in and the legal title to the undivided half conveyed to her. On the other hand he may have intended to retain in himself a beneficial interest therein, Irene consequently holding her legal title subject to a resulting trust in her father. In the latter event the nature of the beneficial interest retained therein by the father must be determined.

The fact that this was a conveyance by a father to his daughter created a rebuttable presumption (*Barrett* v. *Cady*, 78 N. H. 60, 67; *Dickinson* v. *Davis*, 43 N. H., 647, 648) or inference (3 Scott, Trusts, *s*. 442) that an *inter vivos* gift of both the beneficial interest and the legal title was intended. *Krauthamer* v. *Gorfinkle*, (Mass.) 89 N. E. (2d) 341.

The plaintiff testified however that the purpose of the deed was "to keep my wife out for one thing." He stated that he did not expect his daughter to have any present control or use of the premises; that he expected she would take title to them when he passed away. Irene testified that she did not expect she would have anything to do with the property while her father was living. The Court could therefore properly find on the evidence that the father "did not intend to make an outright gift to his daughter but intended to exercise complete dominion over the property during his lifetime. . . . "

In view of those warranted findings the Court could properly rule that the plaintiff had successfully rebutted the presumption or inference that a gift *inter vivos* to his daughter was intended and that the daughter consequently held the legal title to her undivided half of the premises subject to a resulting trust in the father. *Foley* v. *Foley*, 90. N. H. 281; *Lahey* v. *Broderick*, 72 N. H. 180; 2 Bogert, Trusts, *s*. 459. The fact that this was a conveyance in joint tenancy to the father and daughter did not prevent such a ruling on the above findings. *Dunlap* v. *Dunlap*, (Mo.) 218 S. W. (2d) 108; 1 Perry, Trusts (5th *ed.*) *s*. 126; see *Rowland* v. *Clark*, (Cal.) 206 P. (2d) 59, 61; *Socol* v. *King*, (Cal.) 223 P. (2d) 627, 631.

Nor does the fact that the plaintiff did not pay any money at the time the conveyance to him and Irene was made, prevent, in and of itself, as defendant contends, a resulting trust from arising in his favor. The plaintiff, a carpenter, constructed the house on the premises by his own labor and paid for the materials from certain funds available to him. It was constructed on land owned by one Boardman. On July 6, 1934, plaintiff gave Boardman a bill of sale to the house and three days later received from him a fifty year lease of the whole property. This was suffcient consideration on plaintiff's part to give rise to a resulting trust in his favor, if one was intended, upon the conveyance of the premises by Boardman to him and Irene. Restatement, Trusts, *s*. 455. *Hallett* v. *Parker*, 68 N. H. 598, 600.

Next to be determined is the nature of the father's interest by resulting trust. The Court ruled that there had been established in favor of the father a resulting trust in all of the legal interest held by Irene Landry. This ruling in our opinion is erroneous in that it is contrary to the Court's finding that the father intended to "impart possession (to Irene) only upon his decease." It seems to us that the presumption of a gift *inter vivos* to Irene was not rebutted to the extent of depriving her of all beneficial interest in the premises conveyed. The plaintiff's testimony and the Court's finding warranted thereby show an intention on the part of the father to retain all the beneficial interest in the premises except that whatever thereof remained at his decease, Irene surviving, was given to her by this conveyance. 3 Scott, Trusts, *s*. 441.3; 2 Bogert, Trusts, *s*. 462 (b); Restatement, Trusts, *s*. 441 *comments* f, g, h.

The Court's decree is consequently modified as follows: Irene Landry's legal title to the premises conveyed by George N. Boardman to Henry A. Shelley and Irene Landry, as joint tenants, dated

September 12, 1944, and recorded in Rockingham Records, Book 1023, Page 18, is held by her subject to a resulting trust in said Henry A. Shelley of all the beneficial interest therein except that the beneficial interest to whatever thereof remains at his decease, Irene surviving, belongs to said Irene.

The decree of the Court ordering the daughter to leave the premises within thirty days after the decree becomes final and enjoining her from interfering with the father's use, possession and enjoyment of the premises is affirmed.

Defendants excepted to the Court's instruction to the plaintiff that he did not have to answer, unless he wanted to, as to what he told his lawyer when he was in his office at the time of the conveyance from Boardman to himself and Irene. The common law rule that confidential communications between a client and an attorney are privileged and protected from inquiry is recognized and enforced in this jurisdiction. *Sleeper* v. *Abbott,* 60 N. H. 162. This rule applies when the client is a witness as well as when the attorney is asked to testify to such communications. *In re Martin,* 141 Ohio St. 87, 101; 8 Wig. Ev. (3d *ed*), s. 2324.

It is true, as defendants contend, that when an attorney is consulted merely as a scrivener in the preparation of certain documents, and not as a legal adviser, he is permitted in some jurisdictions to testify as to communications made to him in connection with the transaction. *Potter* v. *Barringer,* 236 Ill. 224; 58 Am. Jur. 269. However this not being a mere transfer from a purchaser to a seller but a rather involved situation the Court could properly conclude that under the circumstances plaintiff was consulting his attorney as a legal adviser and not merely as a scrivener and that their conversation was privileged. 8 Wig. Ev. (3d *ed*), s. 2297. As it does not appear from the record that this conversation took place where Boardman could hear it, defendants' argument that communications made in the presence and hearing of third persons cease to be confidential need not concern us. *In re Estate of Busse,* 332 Ill. App. 258. See note 141 A. L. R. 553. This exception of defendants must therefore be overruled.

*Decree affirmed as modified.*

JOHNSTON, C. J., was absent: the others concurred.