Merrimack,
No. 4817.

GRACE EDITH SCOTT *v.* GEORGE H. GRINNELL, *Ex'r.*

Argued April 5, 1960.

Decided May 31, 1960.

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Kimon S. Zachos* (*Mr. Zachos* orally), for the defendant.

LAMPRON, J. The plaintiff admits that the promises made to her by the decedent were oral, unless the documentary evidence in the possession of the executor and sought by her motion for discovery contains written confirmation of such promises. It is also conceded that decedent's estate consists only of personal property of a value in excess of $500 so that plaintiff's action is governed by the provisions of RSA 346:4. "A contract to will personalty of a greater value than $500 must be in writing unless there has been such payment as removes the case from the provisions of the uniform sales act." *Boyle* v. *Dudley,* 87 N. H. 282, 288. Sparks, Contracts to Make Wills, 41, 42.

Plaintiff alleges in her declaration that she left her teaching employment in Concord at the request of the decedent and moved to the farm in Derry and has "faithfully and fully performed the services requested by said Ernest K. Ballard by living with and caring for her mother and performing all household and other duties requested of her." She maintains her performance is such as would take the case out of the operation of section 4 of the Uniform Sales Act.

It is contended by the defendant that to exempt the agreement

from the provisions of said section 4 plaintiff's performance must be referable solely to the contract sought to be established and enforced and must be explicable on no other reasonable theory. *Bunton* v. *Smith,* 40 N. H. 352; *Abbott* v. *Baldwin,* 61 N. H. 583. He further argues that "plaintiff's conduct is more convincingly, and more creditably to her, attributable to her filial loyalty and concern for her mother." However we cannot say as a matter of law that plaintiff's alleged performance was not of the character required to remove her claim from the provisions of RSA 346:4. *Knox* v. *Perkins,* 86 N. H. 66, 69; *Boyle* v. *Dudley, supra.*

Another ground for dismissal of plaintiff's action advanced by defendant is that the alleged promise to provide for the support of the plaintiff for life "in the manner and style to which [decedent] and plaintiff's mother were accustomed" is too indefinite and vague to be the basis for a binding obligation. In a deposition made a part of this record, plaintiff testified that deceased promised "that I would have the income from his estate for the rest of my life after he and mother dies" and that he made two different wills in her favor containing such clauses. If that is found to be the agreement, deceased's net estate could be readily established and the annual income to be yielded by it ascertained. *Wills* v. *Cutler,* 61 N. H. 405, 410.

The terms of the contract must be found in an express promise or inferred as a conclusion of fact from the surrounding circumstances and plaintiff has the burden of establishing this by clear and convincing proof. *Foley* v. *Hospital,* 98 N. H. 186, 188. Interpreting the declaration in her writ in the light of her deposition she has alleged a sufficiently specific offer by the defendant to support plaintiff during his life and that of her mother and to leave her the income from his estate after his death and that of the mother, if plaintiff would leave her teaching position in Concord and care for her mother and assist in the household duties during the latter's life. The plaintiff has alleged that she accepted this offer and performed her part of the contract in full. We cannot say as a matter of law that an enforceable contract between the parties has not been alleged. *Kann* v. *Company,* 85 N. H. 41, 48; *Foley* v. *Hospital, supra; In re McNamara's Estate,* 148 Mich. 346.

Defendant argues further that even if such an agreement was made the decedent's obligations thereunder were fulfilled by certain payments he made to plaintiff during his lifetime, by a conveyance to her of a life estate in his property at Derry and by certain

bequests made to her in his will. However "it cannot be said that full performance of the contract by the defendant is the only conclusion to which reasonable men could arrive." *O'Haire* v. *Breton*, 102 N. H. 448.

For these reasons defendant's motion to dismiss should be denied.

Turning next to plaintiff's motion for discovery, we stated very recently that few states have been as liberal as ours in this field. *McDuffey* v. *Boston & Maine R. R.*, 102 N. H. 179, 181. However we must consider in this case the limitations placed on this process by the rules of privileged communications.

"The common law rule that confidential communications between a client and an attorney are privileged and protected from inquiry is recognized and enforced in this jurisdiction." *Shelley* v. *Landry*, 97 N. H. 27, 31. The rule extends not only to oral communications between attorney and client but covers also memoranda exchanged between them in the preparation of client's will. VIII Wig. Ev. (3d *ed.*) *ss.* 2297, 2307, 2314. The privilege is that of the client however and can be waived by him in his lifetime or by his representatives after his decease. *Id., s.* 2329; *Sleeper* v. *Abbott*, 60 N. H. 162.

The documents sought by plaintiff in her motion are "office copies of any and all prior wills and related memoranda of conferences pertaining to wills of the decedent, Ernest K. Ballard, made before the final will which has been probated, together with any memoranda of conferences pertaining to the last will and testament of the deceased, which are in his [defendant's] possession, and whether made or drafted by him or his father, the late Herbert Grinnell." There were two wills made for the deceased by the late Herbert Grinnell, his attorney at the time, prior to his last will which was drafted by the defendant executor.

Plaintiff maintains that the first of these wills, made between 1950 and 1953, and related memoranda of conferences pertaining thereto are not privileged. She testified in her deposition "my mother told me that in his will which she knew about that he had provided that I would have the income from his estate after her death if he died before my mother." She argues this shows the deceased did not intend these documents to be confidential as far as she was concerned or constitutes a waiver of their privileged status. 27 Fordham L. Rev. 390, 391.

As plaintiff's mother's knowledge was obtained when she was the

wife of decedent, the privileged status of communications between husband and wife as well as that of those between attorney and client is involved. 34 Mich. L. Rev. 875; RSA 516:27. Unless the Trial Court should find that the deceased revealed the contents of his will to his wife for the intended purpose that she transmit this information to plaintiff, the latter is not entitled to discovery of this will or to the memoranda relating to it as they are confidential and privileged. *Noyes* v. *Marston,* 70 N. H. 7; *United States* v. *Tellier,* 255 F. 2d 441, 447 (2d Cir. 1958); *Estate of Smith,* 263 Wis. 441. See *Lennox* v. *Anderson,* 140 Neb. 748; *In re Selser,* 15 N. J. 393.

The deceased made another will in 1953 as to which plaintiff testified. "I was with him when he made his will after my mother died . . . I learned that he was leaving me the income from his estate." If it is found that plaintiff was present with the testator and in a position to learn the contents of this will or of the communications between him and the attorney relating thereto these documents to that extent only would not be privileged and the Trial Court could order their production. *In re Busse's Estate,* 332 Ill. App. 258; VIII Wig. Ev. (3d *ed.*) s. 2311; Model Code of Evidence rule 209 (d) (1942); see *Wolfle* v. *United States,* 291 U. S. 7; *Drew* v. *Drew,* 250 Mass. 41.

The defendant executor drafted the deceased's last will and testament and was an attesting witness thereto. He testified that he made known to the plaintiff the contents of memoranda of conferences pertaining to it either by producing them for her perusal or by reading from them. It is unnecessary to define the nature of the privilege here for if these memoranda were privileged they no longer had that status after the disclosures made by the executor. VIII Wig. Ev. (3d *ed.*) s. 2329.

The requested documents which are not privileged may be found relevant as part of the surrounding circumstances in proof of the alleged agreement or as a writing sufficient to satisfy the requirements of RSA 346:4. *Foley* v. *Hospital,* 98 N. H. 186, 190; Sparks, Contracts to Make Wills 46; see *Currier* v. *Company,* 101 N. H. 205; *Lincoln* v. *Langley,* 99 N. H. 158, 160.

*Remanded.*

All concurred.