Chief Judge Fuld.
The plaintiff, a married man, sues for the return of a diamond “ engagement ” ring which he gave the defendant in October of 1968 upon her promise to wed him when and if he became free; he had been living apart from his wife for several years and they contemplated a divorce. About a month after receiving the ring, the defendant told the plaintiff that she had ‘‘second thoughts ’ ’ about the matter and had decided against getting married. When he requested the return of the ring, she suggested that he “ talk to [her] lawyer ”. Convinced of the futility of further discussion, he brought this action to recover the ring or, in the alternative, the sum of $60,000, its asserted value.
Following a motion by the defendant for summary judgment dismissing the complaint and a cross motion by the plaintiff *400 to amend Ms complaint ‘ ‘ to include causes of action for fraud, unjust enrichment and monies" had and received,” the court at Special Term denied the defendant’s application and granted the plaintiff’s. The Appellate Division reversed and granted the defendant’s motion, directing summary judgment against the plaintiff.
An engagement .ring “is in the nature of a pledge for the contract of marriage ” (Beck v. Cohen, 237 App. Div. 729, 730) and, under the common law, it was settled—at least in a case where no impediment existed to a marriage — that, if the recipient broke the “ engagement,” she was required, upon demand, to return the ring on the theory that it constituted a conditional gift. (See, e.g., Wilson v. Riggs, 267 N. Y. 570, affg. 243 App. Div. 33; Beck v. Cohen, 237 App. Div. 729, supra; Goldstein v. Rosenthal, 56 Misc 2d 311; Jacobs v. Davis [1917], 2 K.B. 532; see, also, Note, 24 ALR 2d 579.) However, a different result is compelled where, as here, one of the parties is married. An agreement to marry under such circumstances is void as against public policy (see, e.g., Haviland v. Halstead, 34 N. Y. 643; Williams v. Igel, 62 Misc. 354; Davis v. Pryor, 112 F. 274), and it is not saved or rendered valid by the fact that the married individual contemplated divorce and that the agreement was conditioned on procurement of the divorce. (See, e.g., Smith v. McPherson, 176 Cal. 144; Leupert v. Shields, 14 Col. App. 404; Noice v. Brown, 38 N. J. L. 228; see, also, 49 Harv. L. Rev. 648.) Based on such reasoning, the few courts which have had occasion to consider the question have held that a plaintiff may not recover the engagement ring or any other property he may have given the woman. (See Malasarte v. Keye, 13 Alaska 407, 412; Morgan v. Wright, 219 Q-a. 385; Armitage v. Hogan, 25 Wn. 2d 672.) Thus, in Armitage v. Hogan (25 Wn. 2d 672, supra), which is quite similar to the present case, the high court of the State of Washington declared (pp. 683, 685):
" * * * if it be admitted for the sake of argument that [defendant] respondent did agree to marry [plaintiff] appellant, and that the ring was purchased * * * in consideration of such promise, such agreement would be illegal and void, as appellant was, at that time, and *401 in fact has at all times since been, a married man. [p. 683]
* * *
‘‘Regardless of the fact that appellant states this action is based on fraud and deceit, we are of the opinion that, under the facts in the case, appellant’s claimed cause of action is based upon an illegal and an immoral transaction, and that this court should not lend its aid in furthering such transaction, [p. 685] ”.
There are cases, it is true, which refuse to apply the doctrine of " unclean hands ”—invoiced by the courts in the cited decisions—when the conduct relied upon is not " directly related to the subject matter in litigation ” (Weiss v. Mayflower Doughnut Corp., 1 N Y 2d 310, 316; see, also, National Distillers Corp. v. Seyopp Corp., 17 N Y 2d 12, 15-16; Furman v. Krauss, 175 Misc. 1018, affd. 262 App. Div. 1016, mot. for lv. to app. den. 287 N. Y. 852; Brooks v. Martin, 2 Wall [69 U. S.] 70; 2 Pomeroy, Equity Jurisprudence [5th ed., 1941], § 399, pp. 97-99) but it is difficult to see how the delivery of the ring or the action to procure its return may be deemed unrelated to the contract to marry. There can be no possible doubt that the gift of the engagement ring was part and parcel of, directly related to, the agreement to wed.
Nor does section 80-b of the Civil Rights Law create a cause of action. That provision, enacted in 1965, recites in part that "Nothing in-this article contained shall be construed to bar a right of action for the recovery of a chattel * * * when the sole consideration for the transfer of the chattel * * * was a contemplated marriage which has not occurred ’ ’. That section must, however, be read in connection with section 80-a which effected the abolition of actions for breach of promise to marry. Section 80-b was added to overcome decisions such as Josephson v. Dry Dock Sav. Inst. (292 N. Y. 666), in order to make it clear that a man not under any impediment to marry was entitled to the return of articles which he gave the woman, even though breach of promise suits had been abolished as against public policy. (See, e.g., Goldstein v. Rosenthal, 56 Misc 2d 311, 314, supra.) This statute, however, does not alter the *402 settled principle denying a right of recovery where either of the parties to the proposed marriage is already married.
The order appealed from should he affirmed, with costs.