Carroll,
No. 6356.

PHILLIP L. STEVENS, EX'R

*v.*

MADELINE THURSTON *& a.*

March 31, 1972.

*David S. Sands* and *Robert J. Schroeder* (*Mr. Schroeder* orally) for the plaintiff.

*Lawrence J. Walsh,* by brief, for the defendants.

GRIFFITH, J. This is an appeal from the probate in solemn form of the will of Bert Eldridge. Defendants as contestants moved to discover the contents of the file of the attorney who drafted the will and to suppress and prevent disclosure to the jury of the probate court decision approving the will. The Trial Court (*Loughlin,* J.) denied both motions and reserved and transferred defendants' exceptions.

It appears from the reserved case that the denial of the motion for discovery was based solely on the attorney-client privilege. We recognize and enforce the common-law rule that confidential communications between a client and attorney are privileged and protected from inquiry in the absence of a waiver by the client. *Shelley* v. *Landry,* 97 N.H. 27, 79 A.2d 626 (1951); *Riddle Spring Realty Co.* v. *State,* 107

N.H. 271, 220 A.2d 751 (1966). We have also held that the privilege continues after the death of the client in actions against the estate and may be waived by the representatives of the decedent. *Scott* v. *Grinnell,* 102 N.H. 490, 161 A.2d 179 (1960).

This appeal from the probate of the will, however, unlike *Scott* v. *Grinnell supra,* is not an adverse proceeding against the estate (8 Wigmore, Evidence *s.* 2329, ( J.T. McNaughton rev. 1961, Supp. 1970)), but a contest between parties claiming through the testator. If the defendants are successful, they, rather than the plaintiff, will be the representatives of the testator. Here the privilege is being asserted not for the protection of the testator or his estate but for the protection of a claimant to his estate. The authorities uniformly hold that in this situation all reason for assertion of the privilege disappears and that the protection of the testator lies in the admission of all relevant evidence that will aid in the determination of his true will. 8 Wigmore, Evidence *s.* 2314 ( J.T. McNaughton rev. 1961); 3 Jones, Evidence *s.* 835 (5th ed. 1958); Annot., 64 A.L.R. 184, at *s.* III (a) (1929); Annot., 66 A.L.R.2d 1302, at *s.* 3 (1959). Defendants' exception to the denial of their motion for discovery is sustained.

The motion to suppress designed to prevent disclosure to the jury of the decision of the probate court allowing the will should have been granted. "A probate appeal transfers the entire subject-matter of the appeal to the superior court where it is treated as an original proceeding." *Brown* v. *Jewell,* 86 N.H. 190, 192, 165 A. 713, 714 (1933); *Fellows* v. *Normandin,* 96 N.H. 260, 74 A.2d 548 (1950). It follows that the decision of the probate court could not possibly have any probative value which would aid the jury in reaching a verdict and could only be prejudicial.

*Defendants' exceptions sustained; remanded.*

All concurred.