Rockingham
No. 7016

FANNY D. SWEETNAM

v.

PAUL S. SWEETNAM

February 28, 1975

*Anthony McManus,* by brief and orally, for the plaintiff.

*Perkins, Holland, Donovan & Beckett* and *Arthur C. Randlett (Mr. Randlett* orally) for the defendant.

DUNCAN, J. This divorce action reaches the court upon the plaintiff's exceptions to an order of the Superior Court *(Morris, J.)* entered in accordance with the recommendations of a Master *(Leonard C. Hardwick,* Esq.), that a divorce be decreed and certain ancillary orders made with respect to property. The only issue presented here relates to a residence in New Castle, New Hampshire, which was held by the parties in joint tenancy prior to the divorce, and as to which the only order made was that the plaintiff wife should be "entitled to sole occupancy". The decree of divorce became effective January 2, 1974, and is not in question.

The parties were married in February 1970, following a brief acquaintance. Both had been married previously and both had children by the prior marriages. The plaintiff then owned a resi-

dence in New York City and vacation property on Lake Winnipesaukee. The defendant, a college graduate and design engineer, had previously operated a company which manufactured packaging specialties, but had disposed of his business prior to meeting the plaintiff and was then unemployed. Following the marriage, the parties lived at the plaintiff's residence in New York, pending completion of the schooling of one of her children. Thereafter they looked for a location on the eastern seaboard where they proposed to establish a home and the defendant proposed to set up a new business. In early 1971 a 7.7-acre tract of shorefront land in New Castle was purchased for $96,000 and a home was thereafter constructed at a cost of $215,000. Since the defendant had no assets, the land was purchased and construction costs were financed with funds supplied by the plaintiff, whose real estate in New Hampshire and New York was sold. A mortgage to secure a bank loan of approximately $80,000 was negotiated by the defendant. The deed to the New Castle land was taken in the joint names of the parties with rights of survivorship, and the note and mortgage were executed by both.

In the proceedings before the master the plaintiff sought a decree awarding her sole ownership of the real estate. The defendant sought an "equal division" of the real estate, and that he be "credited" with ten percent of the construction cost of the New Castle house in recognition of his services in connection with its construction. There was evidence that he had acted as "general contractor" by hiring the various contractors who participated in the construction, and by supervising their work. Both parties participated in planning the house, one salient factor of which was a custom-made winding metal staircase designed by the defendant. Specifications for the building were prepared by a Hampton architect, who inspected the work periodically.

The defendant had no income during the marriage, and according to the findings "remained unemployed throughout the marriage, although at all times he was capable of gainful employment." All family expenses were paid from funds of the plaintiff through a joint checking account. This account was also the source of payments which aggregated $5,000 made by the defendant without specific permission "to comply with a court order for support of his children by his prior marriage".

The master found and ruled that the plaintiff "of her own free will made a gift to the defendant of a one-half undivided interest in the real estate" and that there was no evidence that fraud, misrep-

resentation, or undue influence was practiced. The record however showed no claim by the plaintiff of any such conduct. The master further ruled that the "gift . . . was not conditioned upon either the stability of the marriage or even the continuation of the marriage". After noting that the plaintiff's support required "no call upon the earnings of the defendant or his conveying to her any part of his estate", the master found and ruled that "under all the circumstances of this case, that the defendant should not be divested of his interest in the real estate". *See Shelley v. Landry,* 97 N.H. 27, 79 A.2d 626 (1951).

We are of the opinion that these rulings were erroneous. A substantial body of authority holds that when a husband and wife take title to real estate as joint tenants, or tenants by the entirety, by purchase with funds from the wife's separate estate, no presumption of a gift from the wife to the husband arises. Restatement (Second) of Trusts § 442, Comment *a* (1959); 5 A.W. Scott, Trusts § 442, at 3337 (3d ed. 1967). As expressed by the Restatement of Restitution § 58, Comment *b* at 230 (1937), "in the case of engagement and wedding gifts, justice may require the creation of a condition [that a relation of husband and wife shall be established, or continue] although the donor had no such condition in mind".

Such gifts upon condition are not new in the law. *Gikas v. Nicholis,* 96 N.H. 177, 71 A.2d 785, 24 A.L.R.2d 576 (1950); *see Lowe v. Quinn,* 27 N.Y.2d 397, 318 N.Y.S.2d 467, 267 N.E.2d 251 (1971); (gift of diamond ring in contemplation of marriage following donor's divorce); Annot., *Courtship Presents – Right to Recover,* 46 A.L.R.3d 578 (1972).

In the case at bar the existence of an implied condition imposed upon any gift of the real estate to the defendant was confirmed by the plaintiff's testimony, first, that she thought that taking title in both names "would be a nice thing to do", and second, that it was done on the assumption "that Paul was going to pay for the building of the house and supporting us and taking care of us, and that it would end up belonging to both of us even though I paid for the land". *Cf. Foley v. Foley,* 90 N.H. 281, 7 A.2d 396 (1939); *see Mamalis v. Bornovas,* 112 N.H. 423, 424, 297 A.2d 660, 661 (1972). In contrast, the defendant's testimony concerning the form of the deed was wholly inconclusive: "I always assumed that in the question of a home it had to be jointly owned".

As pointed out in *Hegel v. Hegel,* 248 So. 2d 212 (Fla. 1971), in circumstances such as existed in the case at bar, the husband has the burden of establishing that an absolute gift was intended.

It was also held in that case that the value of the husband's services in the acquisition of joint property, and the care and management of the wife's separate estate was insufficient to establish a basis for a 'special equity'". *See also Owen v. Owen,* 284 So. 2d 384 (Fla. 1973). Likewise, in *Bissett v. Bissett,* 375 Ill. 551, 31 N.E.2d 955, 133 A.L.R. 855 (1941), it was held that if there was a gift of real estate by a husband to a wife, "it would not have been made except for the contemplated marriage, and the husband still remains the equitable owner in case of a dissolution of the marriage". Other authorities to like effect are *Chamberlain v. Chamberlain,* 287 A.2d 530 (D.C. Ct. App. 1972); *Wallace v. Kilbride,* 319 F.2d 760 (3d Cir. 1963).

We find no legal basis in the evidence for the master's rulings in this case that there was an outright and unconditional gift to the defendant "free of any restrictions". In *Oxley v. Oxley,* 159 F.2d 10, 12 (D.C. Cir. 1946), while recognizing that the trial court had the right and duty to exercise sound discretion in adjusting property rights, the court held that "it is an abuse of discretion to fail to award to the husband the ownership of property when, as here, the wife furnished no part of the money necessary to acquire the property and has completely forfeited her interest in it by her failure to live up to the marriage covenants". *Accord, Gaden v. Gaden,* 29 N.Y.2d 80, 272 N.E.2d 471, 333 N.Y.S.2d 955 (1971); *Sebold v. Sebold,* 444 F.2d 864 (D.C. Cir. 1971). The absence of any claim of fraud, misrepresentation, or undue influence by the plaintiff could not satisfy the defendant's burden of establishing an unconditional gift. Moreover, sound discretion counsels that when assets are otherwise sufficient, "any form of joint control or ownership of assets by divorced persons should be avoided". *Wetzel v. Wetzel,* 35 Wis. 2d 103, 108, 150 N.W.2d 482, 485 (1967).

We hold that title to the real estate should be vested in the plaintiff, upon indemnification of the defendant against liability for the existing mortgage note.

*Plaintiff's exceptions sustained; remanded.*

All concurred.