Salvatore T. DeMatteo, J.
Plaintiff, an eligible bachelor, formerly engaged to marry defendant, moves for summary judgment for the return of a diamond engagement ring or, in lieu thereof, its value, and the return of his contributions into a joint deposit account.
The facts show plaintiff and defendant were engaged to marry. They received sundry gifts from well-wishers. Defendant collected a trousseau and purchased a wedding gown. The couple then hired a wedding hall and opened a joint deposit account.
There is no question the atmosphere was festive and a marriage appeared on the horizon. But during their journey of love to the altar, the primrose path of this blissful pair detoured to a dead-end. The romance and engagement dissipated, and now painful allegations of fault are hurled at one another.
In her answer and opposing affidavits, defendant admits to a mutual agreement to marry and of her refusal to return said ring. She further insists that the "consideration for the giving of the gift was not the marriage alone, but involved love and affection”.
The main thrust of plaintiff’s argument rests upon the overpowering language of section 80-b of the Civil Rights Law which suggests a strong presumption of law that any gifts made during an engagement period are given solely in consideration of marriage, and are recoverable if the marriage does not materialize.[1] To hold to the contrary, would destroy the overwhelming public policy against public trials of heart-wounding tribulations of formerly engaged parties. While we maintain the presumption to be rebuttable, yet due to this over-riding public policy, clear and convincing proof should be necessary to overcome the presumption.
After conducting an extensive search into the applicable law, the court has found no reported case in which summary *293 judgment was granted in an action based upon section 80-b of the Civil Rights Law. For reasons hereinafter cited, the court genuinely believes the remedy of summary judgment is unique and should be liberally granted in such cases, with plenary trial a rare exception. Should the donee’s bare assertion that the gift in question was not solely in consideration of a marriage, but also involved love and affection, warrant a denial of summary judgment?
Here, the donee fails to reflect upon the significance of a diamond engagement ring. A ring is given by a donor to his fiancee as a sacred designation of conjugality. It is a pledge of betrothal growing out of the love and affection, which is coincidental, as well as part and parcel, of a culminating matrimonial relationship. Would the plaintiff have made the gift had not he contemplated a consummated marriage in the offing? To hold otherwise, would be stretching credulity to its breaking point. This would permit the donee by the barest of allegations to defeat summary judgment; and in reality, is she not being given the option of introducing a second exception to CPLR 3212 not contemplated by the Legislature?[2]
Also defendant’s claim of an unconditional gift has not been shown by clear and convincing proof. She has divulged nothing more than the semblance of "tantalizing speculation” (Moyer v Briggs, 47 AD2d 64, 69). Her answer must be real and capable of being established upon trial. (Indig v Finkelstein, 23 NY2d 728.) The sine qua non for the denial of summary judgment is lacking in the presentation of her defense.
Moreover, the donee is oblivious to the anguish of litigation prior to the passage of the "Heart-Balm” Act. She is unmindful of the early judicial interpretations of the "Heart-Balm” statute which not only prohibited breach of promise to marry actions, but included in its ban, suits to recover real or personal property in connection therewith. (Andie v Kaplan, 288 NY 685; Josephson v Dry Dock Savings Inst., 292 NY 666.)
Clearly, section 80-b grants the donor the right to recover engagement gifts. But to recover without summary judgment, would convert a judicial forum into a bitter duel conjuring up traumatic tales of grievous hearts. The courtroom scene would be transposed into a grotesque marketplace whose wares *294 would be the exposure of heart-rendering episodes of wounded pride, which should be best kept private rather than public. Why resurrect what the "Heart-Balm” statute sought to inter?
Section 80-b was given judicial fiat by our Court of Appeals in Gaden v Gaden (29 NY2d 80), when it declared (p 88): "To require a determination of fault in order to entitle one to recover engagement gifts would simply condone the same type of action in yet another form”. Finally, for the first time, the objects of bounty of a broken engagement could be recovered without reverting to common-law rights relative to the incidence of fault.
Yet, in contrast, the court in Gaden (supra), recited with approval, its anachronistic (4-3) decision in Lowe v Quinn (27 NY2d 397). The holding of the majority in Lowe appears inconsistent with the era of the new public policy established by the Legislature in section 80-b and the court in Gaden. Lowe fell victim to an inequitable fate induced by the adherence of the majority to the common-law rule of public policy which proscribed an illegal marriage contract from being enforced. Lowe was being chastised by the court for being a married man at the time he extended a gift of a ring to the donee.
The decision in Lowe was highlighted by the dissenting minority (p 405) when it stated: "In the present case, the plaintiff’s action in restitution was not brought to enforce an illegal contract or to further an illegal relation. The agreement to marry was at end and the action simply attempts to prevent the defendant’s unjust enrichment. The illegal contract to marry relates only indirectly and remotely to the relief sought, it is a thing of the past and is collateral. The plaintiff vis-á-vis the defendant is guilty of no wrongdoing; he simply seeks the return of what is rightfully his. The court would not be sanctioning the illegal act of a married man in becoming engaged to a third party. That engagement is at an end and the return of the ring would in no way revive or foster the former plan”.
Foreseeably, legal scholars will become perplexed in resolving the issue created by the Court of Appeals when it applied a dual standard of morality in deciding the Lowe and Gaden cases (supra). In Lowe, the court morally rejected plaintiff’s attempt to recover his ring because he was legally married at the moment he made the gift. In Gaden, the court morally approved of defendant’s counterclaim to recover an interest in *295 real property, even though he was living together with plaintiff, in an unmarried state, at the time he made the gift.
Unlike Lowe, the plaintiff, in the case at hand, is eligible to marry, and is entitled to summary judgment under the doctrine of recovery proclaimed in section 80-b and Gaden, even though he may very well be a loathsome womanizer.
Defendant’s answer is stricken because it lacks a viable defense. The matter is remanded to Part 31 for the purpose of directing the defendant to return the engagement ring to plaintiff, or, in the alternative, for an assessment of damages for the value thereof, together with the amount of contributions, if any, made by plaintiff into the joint deposit account of the parties.
Motion granted.

. "Nothing in this article shall be construed to bar a right of action for the recovery of a chattel, the return of money or securities, or the value thereof at the time of such transfer, or the rescission of a deed to real property when the sole consideration for the transfer of the chattel, money or securities or real property was a contemplated marriage which has not occurred” (Civil Rights Law, § 80-b, emphasis added).

. "Except as provided in subdivision (d) with respect to a matrimonial action, any party may move for summary judgment in any action, after issue has been joined.” (CPLR 3212[a].)