## Nancy Hutchins v. Richard Hutchins

[376 A.2d 744]

No. 227-74

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 7, 1977

*Robert J. Kurrle*, Montpelier, for Plaintiff.

*Charles T. Shea* and *Brooke Pearson* of *Gravel, Shea & Wright*, Burlington, for Defendant.

**Larrow, J.** The trial court granted plaintiff Nancy Hutchins a judgment of divorce from her husband, Richard Hutchins, the appellant here. Extensive findings and conclusions were filed, and plaintiff was decreed custody of three minor children, $150.00 per week child support and $100.00 per week alimony, title to the home premises subject to a first mortgage, an automobile, and a $3,000.00 certificate of deposit. None of this is objected to. Defendant was given visitation rights, and other real estate and personal property valued at about $15,550.00. None of this is objected to.

The sole issue raised here, as to which defendant claims an abuse of discretion by the trial court, is the disposition made by the court of some 930 shares of stock in Hutch Concrete Contracting Corporation, owned by the parties, of a total of 1,000 shares outstanding. The court found a stockholders' equity (or book value) of $158,923.00 for the stock, and a reasonable value of $74,000.00 for 500 shares which it decreed to plaintiff. Its professed purpose in decreeing the stock was to achieve an approximately equal division of the property of the parties, and, assuming the indicated values, this purpose seems to be achieved. Hutch is a corporation primarily developed and operated by the defendant, who is principally responsible for its success. He was given an option to purchase the 500 shares in question for $74,000.00 plus interest at 8½% to date of purchase.

He owns 430 of the other 500 shares. This disposition of the Hutch stock is attacked by the defendant as an abuse of discretion, resulting in reducing the value of the stock because he is made a minority stockholder, ignoring an agreement of the parties contrary to *Strope* v. *Strope*, 131 Vt. 210, 303 A.2d 805 (1973), and evading a claimed public policy against joint ownership or control of a closely-held corporation by divorced persons. We find none of these arguments convincing, and affirm the judgment of the trial court.

Appellant argues first, in the abstract, that in a closely-held corporation the value of a minority interest must be reduced to reflect a "lack of marketability" and "lack of control." He cites tax cases for this conclusion. The argument ignores, however, the option afforded by the judgment order to the defendant, to repurchase the shares awarded to the plaintiff. As principal salaried officer of the corporation, and holder of the purchase option, he is not in the same position as one with no right to acquire control and no salaried position. Although a minority stockholder, control is his as a practical matter, and the plaintiff has no interest in superseding him, since maintenance of the share value is her only hope of eventual cash payment, and increasing it through her own management can only accrue to the benefit of the defendant, holding an option at a set price. We see a definite concern for the best interests of both parties in the formula arrived at by the trial court, rather than the clear abuse of discretion we faced in *Cleary* v. *Cleary*, 134 Vt. 181, 353 A.2d 334 (1976) and the cases therein cited. Moreover, defendant's poor payment record, forcing his wife to seek public welfare, indicates a strong need of security for the payments ordered.

Appellant's second argument is centered upon a claimed agreement between the parties that ownership of the stock in question should remain in the defendant, an agreement ignored by the court without notice to the parties, contra to the holding of *Strope, supra*, and of *Frink* v. *Frink*, 128 Vt. 531, 266 A.2d 820 (1970). This general principle of law is sound, but only by very specious argument can it derive factual support from the record. The appellant concedes that there was no written stipulation, but argues that the general conduct of the hearing, plus the parties' respective requests to find, indicated an agreement that stock ownership was to remain in the defendant. We cannot isolate one narrow facet of the case, stock

ownership, as to which there was some degree of understanding, and elevate it to the binding status of an agreement. The record discloses that plaintiff did not seek stock ownership, but did request, as part of the property division, $50,000.00 payable over a five year period. Defendant requested a finding that the $50,000.00 loan for this purpose would be "an unbearable loan for the corporate structure to sustain" and sought complete stock ownership without any payment therefor. An offer to convey for $50,000.00, and a willingness to take without payment, viewed together, can scarcely be said to be the "meeting of the minds" involved in a stipulation. There was no agreement for the court to honor, and hence no need to notify the parties of contemplated dishonor. This argument cannot avail the defendant.

Appellant's last argument is that a compelling public policy makes the trial court's order an abuse of discretion. He cites us to *Wetzel* v. *Wetzel*, 35 Wis. 2d 103, 150 N.W.2d 482 (1967), and to *Sweetnam* v. *Sweetnam*, 115 N.H. 80, 333 A.2d 456 (1975), as supporting a public policy against joint control or ownership of property by divorced persons. We do not view the policy stated in these cases as so sweeping, but only as enunciating the desirability of avoiding such division where there are sufficient assets to make some other solution feasible. Such is not here the case, because the other assets involved are not sufficient to achieve an equitable division without some form of stock division. Moreover, the judgment order implicitly recognizes the general policy by giving defendant an option to purchase plaintiff's shares. Continued joint control or ownership is not contemplated by the judgment order. In our view, the judgment below represents a careful compromise between the desirable objectives of protecting the interests of both parties, by giving the plaintiff security for sums to which she will be entitled, still leaving the defendant with incentive to operate the corporation profitably and make possible his recapture of the stock. The trial court's discretion was not abused, but prudently exercised.

*Judgment affirmed.*