OPINION OF THE COURT
Jeremy S. Weinstein, J.
The plaintiff brings this action, pro se, alleging defendant’s "failure to return property”, to wit, an engagement ring, and seeks to recover the sum of $6,500, the claimed value of the subject ring.
At trial, the plaintiff testified that in the latter part of 1991, after he and the defendant had been living together for approximately five years, he presented the defendant with a *67 diamond engagement ring in exchange for her promise to marry him. Although the defendant was legally married to George Ewings at that time, the parties had discussed the defendant’s getting a divorce. The defendant accepted the ring, wearing it on her left hand, displaying it to other people and telling them that she was engaged.
The plaintiff further testified that in May 1992, the defendant broke the engagement, leaving the apartment they had cohabited. When the defendant refused to reconcile with him, the plaintiff asked for the ring back, but the defendant refused to return it to him, telling him that she wanted to get something out of their relationship. As to the ring itself, the plaintiff presented an appraisal that the ring was worth $6,500, while stating that he had paid $4,300 for it. Also testifying on the plaintiff’s behalf was his mother, Phyllis Popp, who testified that the parties were to have gotten married although the defendant never mentioned any specific date, that she had given the defendant a wedding band that had belonged to her, which the defendant returned to Mrs. Popp when the plaintiff and the defendant broke up and that she was present when the plaintiff asked for the ring back.
The defendant testified that she married Ewings in 1979, and is still married to him, although they have been living apart for 11 years. She further testified that she and the plaintiff had lived together for five of the seven years they had been together, that right after her mother died in May 1991, she went to dinner with the plaintiff against her will, because she was afraid of him, and at the dinner, the plaintiff threw the ring at her. Defendant testified she wore the ring at the insistence of the plaintiff, who was the one who told people they were engaged, that she never intended to divorce Ewings to marry the plaintiff, and that she wanted to get out of her relationship with the plaintiff. She left the plaintiff in May 1992, and wore the ring, which she still has, as a ring, but not as an engagement ring.
Personal relationships, being what they are, this issue is clearly not one of first impression. The Legislature enacted section 80-b of the Civil Rights Law in an effort to deal with this kind of situation. It has previously been held that a person, not under any impediment to marry (Lowe v Quinn, 27 NY2d 397), will no longer be denied the right to recover property given in contemplation of a marriage which has not occurred. (Gaden v Gaden, 29 NY2d 80.)
*68 The plaintiff herein is under an impediment to marry the defendant in that the defendant is already married and it is conceded that the plaintiff was aware of the fact that the woman he was living with for five years was married to another man. It would appear, therefore, that the plaintiff could not have given a gift in contemplation of marriage until such time as the existing impediment was lifted.
The Court in Gaden (supra) also made it clear that the purpose of section 80-b is "to return the parties to the position they were in prior to their becoming engaged, without rewarding or punishing either party for the fact that the marriage failed to materialize” (Gaden v Gaden, supra, 29 NY2d, at 88). However, if an impediment to marriage bars the return of the gift, how are the parties returned to their previous positions? It would appear that the court has either failed to reconcile this contradiction or is setting social policy by determining that two adults, fully aware of their current marital situations, are not capable of making decisions about their future status. It must be obvious that any determination by the courts that an impediment exists to a marriage will, in effect, punish the gift giver and reward a party which may not at all be innocent.
In the instant case, the credible evidence suggested that the parties intended to marry and that the plaintiff was to assist the defendant in obtaining her divorce. Furthermore, the plaintiff and the defendant lived together for five years. The credible evidence was also to the effect that the gift in question was an engagement ring and, despite the defendant’s testimony to the contrary, the defendant held herself out as engaged to the plaintiff. Are we to now punish the plaintiff for his failure to understand that some prior existing social policy would deprive him of the return of the gift? If this were allowed to stand, we would be sanctioning fraud and countless well-intentioned individuals could find themselves at the mercy of well-planned scams.
Judge Scileppi, in his well-reasoned dissent in Lowe (supra), pointed out that "the majority would seem to recognize that a different result [than the one envisioned by section 80-b] is compelled where one of the parties is married, regardless of the fact that the donee, fully aware of the farmer’s marital status is unjustly enriched” (27 NY2d, supra, at 403). Such a result is even more egregious when the donee is the one with the impediment, i.e., married, holds herself out as engaged, cohabitates with the donor for a significant period of time and *69 solicits the donor’s assistance in securing a divorce. It would appear that whatever social policy the courts attempt to establish for the society at large should not prevail where the result would be unjust enrichment for one of the parties.
For the foregoing reasons, the court finds that the defendant is liable to the plaintiff for the value of the diamond engagement ring. Accordingly, judgment is awarded in favor of the plaintiff Glen P. Witkowski against the defendant Joanne Blaskiewicz in the sum of $6,500 with interest from May 9, 1991.