■ Howard Leemon, Appellant, v Eileen Wicke, Respondent. [627 NYS2d 761] —In a replevin action, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), entered January 14, 1994, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing that portion of the plaintiff's complaint which seeks return of the personal property listed in paragraph 6 of the complaint or, in the alternative, the value thereof, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Ordinarily, a party may maintain an action to recover prop-

erty transferred in contemplation of a marriage which did not occur *(see,* Civil Rights Law § 80-b). However, where, as here, the party is already married when the property is given in contemplation of marriage to another, recovery is barred *(see, Lowe v Quinn,* 27 NY2d 397). Consequently, the Supreme Court properly dismissed that portion of the plaintiff's claim seeking the return of an engagement ring.

The court erred, however, in dismissing that portion of the complaint seeking the return of certain other personal property. Recovery of that property is not barred as neither party contends that those items were given in contemplation of marriage. There is an issue of fact as to whether the property was given to the defendant to replace similar items removed from her home or whether it was simply moved into the defendant's house by the plaintiff for the parties' mutual use while they lived together. Balletta, J. P., Miller, Santucci and Altman, JJ., concur.