■ LISA DEL VALLE, Respondent, v WILLIAM GENSERT, Appellant. [50 NYS3d 281]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered July 11, 2014, which, after a bench trial, granted partition of the subject premises to plaintiff, and dismissed defendant's counterclaim for the imposition of a constructive trust, and order, same court (Kenneth L. Thompson, Jr., J.), entered on or about April 6, 2016, which denied defendant's motion for judgment not withstanding the verdict pursuant to CPLR 4404, unanimously modified, on the law, to remand for a determination of defendant's credit, pursuant to RPAPL 945, for amounts paid by him in association with the premises, and otherwise affirmed, without costs.

By facilitating defendant's refinancing of the premises and becoming solely liable for the mortgage during a period when

defendant was disabled from work, plaintiff provided sufficient consideration for a transfer to her of one half interest in the property (*cf. Forbes v Clarke*, 194 AD2d 393, 393 [1st Dept 1993] ["The continuance of defendant's potential liability on the mortgage in the event of a default is not sufficient to defeat plaintiff's right to the imposition of a constructive trust"]). Even were there no consideration other than defendant's promise to marry plaintiff, we must conclude, based on controlling Court of Appeals precedent, that defendant could not recover his interest in the real property and certain personal property under Civil Rights Law § 80-b (gifts made in contemplation of marriage), because he was married to another person at the time of the transaction at issue (*see Lowe v Quinn*, 27 NY2d 397 [1971]). Because plaintiff was the recipient of the gift, and was not disabled from marriage, the *Witkowski v Blaskiewicz* (162 Misc 2d 66 [Civ Ct, Queens Cty 1994]) fraud exception is inapplicable.

We modify because we are persuaded by defendant's argument the he should receive credit, under RPAPL 945, for the amounts he paid above his proper proportion of the rents or profits, prior to any partition sale, and the court's decision does not address this point. Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.